PEOPLE v. SAVAGE

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—APPOINTED COUNSEL—
TEMPORARY SUBSTITUTION—PREJUDICE.

Appearance of another attorney at defendant's arraignment
because defendant's court-appointed counsel was otherwise
occupied at the time did not prejudice defendant where he
failed to object to the substitution and the substitute attorney
entered a plea of not guilty for him.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—APPELLATE COUNSEL—
TIMELINESS.

Alleged failure of defendant's assigned appellate counsel to
prosecute a timely appeal did not prejudice defendant where
his appeal was considered without regard to its timeliness.

3. ARREST—DEFECT IN ARREST—PLEA OF GUILTY—WAIVER.

A plea of guilty by defendant waived a claimed defect in his
arrest, if there was a defect.

4. APPEAL AND ERROR—CRIMINAL LAW—GROUND OF APPEAL.

Absent a particularized error in the trial judge's extensive
examination of defendant regarding the voluntariness of
his plea of guilty, the Court of Appeals notices none.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 313, 321.
Accused's right to assistance of counsel at or prior to arraign-
ment. 5 ALR3d 1269.
[2] 21 Am Jur 2d, Criminal Law § 322.
[3] 21 Am Jur 2d, Criminal Law § 495..
[4] 4 Am Jur 2d, Appeal and Error § 493.
[5] 58 Am Jur, Witnesses § 874 et seq.
Unemployment compensation: right of successor in business to
experience or rating of predecessor for purpose of fixing rate
of contributions. 22 ALR2d 673.
Items of cost of prosecution for which defendant may be held.
65 ALR2d 854.

5. CRIMINAL LAW—WITNESSES—WITNESS FEES—CODEFENDANT.
  Defendant had no ground for complaint about prosecutor's
    motion to pay substantial witness fees to a person who had
    been charged as a codefendant and who was later ordered de-
    tained as a witness where the record did not show what
    disposition was made of the motion to pay the fees, what,
    if any, amount was paid to that witness; whether defendant
    was aware of the motion before he was sentenced, and
    defendant failed to raise the issue in his post-conviction mo-
    tion filed with the trial court and rejected the judge's offer to
    entertain a motion for withdrawal of his plea before sen-
    tencing saying he was guilty and did not wish to withdraw
    the plea.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J. Submitted Division 1 May 12, 1970,
at Detroit. (Docket No. 8,348.) Decided August
3, 1970. Leave to appeal denied October 22, 1970.
384 Mich 770.

Joseph Savage was convicted, on his plea of guil-
ty, of robbery unarmed. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief
Appellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Plunkett, Cooney, Rutt & Peacock (Joel S. Morse,*
of counsel), for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and
CHURCHILL, *JJ.

PER CURIAM. The defendant was convicted upon
his plea of guilty of robbery unarmed. MCLA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

§ 750.530 (Stat Ann 1954 Rev § 28.798). He was sentenced to serve 10 to 15 years in prison.

The defendant's court-appointed attorney did not appear at the arraignment on the information but, instead, another attorney appeared and explained that the defendant's attorney was otherwise occupied at the time. The defendant stood mute and a plea of not guilty was entered for him. The defendant does not claim that he objected to this temporary substitution of attorneys. Nor does he show how he was prejudiced thereby. We find no reversible error. See *People* v. *Stewart* (1970), 22 Mich App 51.

Nor was the defendant prejudiced by the alleged failure of his original assigned appellate counsel to prosecute a timely appeal.[1] His appeal is now being considered without regard to its timeliness.

The defendant's plea of guilty waived the claimed defect in his arrest. Further, there is no showing that the arresting officers did not have probable cause to arrest him.

The defendant asserts that the requirements of GCR 1963, 785.3(2) were not met before his guilty plea was accepted. He does not, however, specify where, in the trial judge's extensive examination of the defendant extending over 28 pages of typed transcript, the judge departed from the requirements of the court rule. Absent particularized claim of error, we notice none.

The prosecutor moved a few days after the defendant pled guilty to pay substantial witness fees to a person who had been charged as a codefendant and who was later ordered detained as a witness. This motion was filed a few days after the defendant pled guilty and approximately one month before the

---

[1] The lawyer who filed the brief was substituted for the lawyer orginally assigned to represent the defendant on this appeal.

date on which he was sentenced. At the time of sentencing the judge offered to entertain a motion to withdraw the defendant's guilty plea before sentencing, but the defendant declined so to move, saying he was guilty and did not wish to withdraw his plea. It does not appear what disposition was made of the motion to pay witness fees, what, if any, amount was paid the witness or whether the defendant was aware of the motion before he was sentenced. This issue was not raised in the defendant's post-conviction motions filed with the trial court; it is not claimed that he learned of the motion to pay fees for the first time after denial of his post-conviction motions. Nor is it claimed that any evidence or argument was offered in support of this issue at the trial level or that defendant was denied an opportunity to offer any.

Affirmed.