PEOPLE *v.* CARR.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE—BINDING OVER FOR TRIAL.

   The condition to holding one to trial for the commission of an alleged crime is that the testimony taken before the examining magistrate shall be such as justifies him in concluding that the crime charged has been committed, and that there is probable cause to believe the accused is the guilty party.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 14 Am Jur, Criminal Law §§ 246, 248.
[3] 47 Am Jur, Searches and Seizures §§ 8, 53.
[4] 47 Am Jur, Searches and Seizures §§ 18, 52.

2. SAME—PRELIMINARY EXAMINATION—BREAKING AND ENTERING—
PROBABLE CAUSE—EVIDENCE—BINDING OVER FOR TRIAL.

Evidence from identifying witnesses, presented at preliminary
examination of defendant, accused of breaking and entering
with intent to commit larceny therein, *held*, sufficient to meet
the test of probable cause, hence, where the commission of the
offense was adequately established, he was properly bound over
for trial in the circuit court.

3. SAME—INCARCERATION IN JAIL—CIVIL RIGHTS—SEARCHES AND SEI-
ZURES.

One who is imprisoned in a county jail for an unrelated misde-
meanor to accusation for breaking and entering a store with
intent to commit a larceny therein is not, by reason of such
incarceration, stripped of all his civil rights and constitutional
safeguards against unreasonable search and seizure (Const
1908, art 2, § 10, as amended in 1952).

4. SEARCHES AND SEIZURES—WITHOUT WARRANT—AUTOMOBILE IN
POSSESSION OF SHERIFF WHILE ACCUSED IN JAIL—EVIDENCE.

Evidence obtained by police officer as result of search, without
a warrant, of defendant's car then in possession of the sheriff
while defendant was lodged in jail on a charge unrelated to
accusation of breaking and entering a store with intent to
commit a larceny therein and without cause, probable or other-
wise related to such latter crime, *held*, an unreasonable search
and seizure and admission thereof over timely objection con-
stituted reversible error, where the verdict of the jury might
well have been different without it.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SEARCHES AND SEI-
ZURES—NEW TRIAL.

The holding in a case that it was reversible error to admit, over
timely motion to quash and objection, evidence which had been
illegally seized, and the granting of a new trial, rendered it
unnecessary to determine whether or not a decision of the
supreme court of the United States holding such evidence con-
stitutionally inadmissible should apply so as to require a new
trial (Const 1908, art 2, § 10, as amended in 1952).

Appeal from Sanilac; Bach (Arthur M.), J. Sub-
mitted March 5, 1963. (Calendar No. 62, Docket No.
49,769.) Decided May 9, 1963.

Alan B. Carr was convicted of breaking and entering in the nighttime. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Allen E. Keyes,* Prosecuting Attorney, for the people.

*Stanley Berriman (Joseph S. Linden,* of counsel), for defendant.

O'HARA, J. Defendant was convicted of breaking and entering a State liquor store with intent to commit larceny therein. He assigns error on 6 grounds:

(1) Denial of a motion to quash and to suppress evidence unlawfully seized;

(2) Denial of a motion for a directed verdict of not guilty;

(3) and (4) Errors in the admission of the testimony of an alleged insane witness, and failure of the trial court to instruct adequately on the weight to be given thereto;

(5) Errors in the admission of alleged prejudicial testimony;

(6) A general allegation of error in refusing to grant a new trial by reason of the holding of the United States supreme court in *Mapp* v. *Ohio,* 367 US 643 (81 S Ct 1684, 6 L ed 2d 1081, 84 ALR2d 933).

The following factual background is necessary to an understanding of the legal issues presented. Defendant was arrested for operating his automobile with a defective taillight in the city of Howell, Livingston county. The car was found to contain a quantity of stolen property. The circumstances of that search and seizure of the car are not before us for review. Defendant had pleaded guilty to the possession of stolen property and was serving a 30-

day sentence in the Livingston county jail when the questions presented in this case arose. During the time of his confinement defendant's car, under circumstances unclear in the record, was stored in a jail parking lot. Presumably, at least, the sheriff was its custodian.

While in jail, defendant was interviewed by a State police officer regarding possible complicity in the larceny of liquor from a State store in Sanilac county. Defendant was completely noncommital and incommunicative. The State trooper without process of any kind or the permission of defendant searched his car and removed therefrom, among other things, a monkey wrench. He also took the car to Sanilac, made tests, compared tire casts previously made, and took for analysis paint scrapings from the car and the jaws of the monkey wrench. Later these scrapings were compared with samples from the window bars of the looted store. The investigating officer later signed a complaint. Defendant was served with the warrant while still in jail. On examination, he was bound over to circuit court and after trial and conviction by a jury was sentenced to not less than 10 nor more than 15 years.

The first question presented is the sufficiency of the evidence adduced at the examination to warrant binding the defendant over for trial in the circuit court. The test, upon preliminary examination, is properly stated in *People* v. *Gerndt,* 244 Mich 622, 630:

"The only requirement, as a condition to holding one to trial for the commission of an alleged crime, is that the testimony taken before the examining magistrate shall be such as justifies him in concluding that the crime charged has been committed, and that there is probable cause to believe the accused is the guilty party." (Syllabus 1.)

A careful reading of the transcript of the preliminary examination establishes that without regard to the paint samples alleged to have been found in the jaws of the monkey wrench and the other evidence acquired by the search and seizure of the defendant's car, there was sufficient testimony from the identifying witnesses to meet the test of probable cause. The commission of the offense, including the inferential testimony of the time of the breaking was adequately established. Defendant was properly bound over for trial in the circuit court.

Upon arraignment in circuit court, defense counsel renewed the objections made at the examination and made continuing objection to the evidence procured by the search of his car while he was serving his misdemeanor sentence in the county jail.

It could not be seriously urged that the search and seizure made by the officers without defendant's consent or without a search warrant could not, nor likely would not, even have been attempted, had defendant been at liberty and his automobile been parked on his own premises. Defendant was not stripped of his civil rights and his constitutional safeguards merely because he was serving a sentence in the county jail for an unrelated misdemeanor. It would be a dangerous rule of law and an invitation to circumvent the constitutional guaranty against unreasonable search and seizure were the citizen convicted of a misdemeanor and in jail, possibly in default of payment of a fine, to be stripped of all his civil liberties.

Carefully it must be noted that we here do not impinge upon the right of the officer to search and to seize without a search warrant under circumstances where he has probable cause to believe a felony was committed (*People* v. *Gonzales,* 349 Mich 572). Nor are officers inhibited from search after valid arrest

designed to reach instruments calculated to effect escape from custody. *People* v. *Gonzales,* 356 Mich 247, 256.

Neither does this holding limit the power of the police to search one lawfully arrested, for articles that may be used in evidence to prove the charge on which the prisoner has been arrested (*People* v. *Harris,* 300 Mich 463.)

Here the State police officer questioned defendant in the Howell jail on March 4th. He learned nothing that would in any way connect defendant with the later charged felony. So far as we can determine, it was immediately after this interview that the trooper searched defendant's car and obtained the wrench, later introduced in evidence. If the officer's investigation led him to the conclusion that the defendant was involved in the larceny, a proper showing to a magistrate affording a record for later review of the determination of probable cause was obtainable. (See *People* v. *Knopka,* 220 Mich 540.)

Here a search of the defendant's possession—his automobile was made without a search warrant, without cause, probable or otherwise related to the alleged crime, without any basis other than possibly understandable suspicion. Such search and seizure was made in patent violation of the State Constitution of 1908, art 2, § 10.* The fruits of that search, timely objected to by defense counsel, were inadmissible on the trial.

Without this evidence the verdict of the jury might well have been different. For the reasons herein set forth the conviction is reversed and set aside and the case remanded to the circuit court for a new trial. In view of our holding under the State Constitution, neither the question of the applicability of *Mapp* v.

---

* As amended at general election, November 4, 1952. See PA 1953, p 438.—REPORTER.

*Ohio, supra,* nor the other allegations of error need be discussed.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.