## PEOPLE *v.* WIGGINS.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—REMAND—DISCRETION OF COURT.

Remand of a case to the proper magistrate for a preliminary examination upon timely application therefor prior to trial is within the discretion of the court, where such an examination had been previously waived by the accused without the benefit of counsel (CLS 1961, § 767.42).

2. SAME—ASSISTANCE OF COUNSEL—WAIVER OF PRELIMINARY EXAMINATION.

Defendant who waived preliminary examination without benefit of counsel and whose court-appointed counsel was permitted to withdraw on day set for trial, following which other court-appointed counsel entered appearance, *held,* not to have been given effective counsel until that time (GCR 1963, 785.3[1]).

3. SAME—ASSISTANCE OF COUNSEL—REMAND FOR PRELIMINARY EXAMINATION.

Denial by court of defendant's motion to have the case remanded back to magistrate for a preliminary examination for reason that there had been a "number of previous adjournments" *held,* an abuse of discretion, where defendant had waived preliminary examination without benefit of counsel, court-appointed counsel had been permitted to withdraw previous to trial, and where it appears the adjournments were the result of the accused not being afforded counsel (CLS 1961, § 750.529; GCR 1963, 785.3).

4. SAME—ARRAIGNMENT—ACCEPTANCE OF PLEA OF GUILTY—ASSISTANCE OF COUNSEL.

Arraignment and acceptance of plea of not guilty to charge of robbery armed by defendant without benefit of counsel *held,* re-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 316, 440, 442, 446, 447.
[4] 21 Am Jur 2d, Criminal Law § 317.
[5] 21 Am Jur 2d, Criminal Law §§ 309, 313.
[6] 21 Am Jur 2d, Criminal Law §§ 309, 313, 317.

versible error, where the record fails to show defendant was advised by the court of his right to counsel or that he waived his right to counsel (CLS 1961, § 750.529; GCR 1963, 785.3 [1]).

5. SAME—ARRAIGNMENT—ASSISTANCE OF COUNSEL.
One charged with a felony in this State has the right to legal counsel before being requested to plead at arraignment (GCR 1963, 785.3).

6. SAME—ASSISTANCE OF COUNSEL—REMAND.
Assignment of counsel to defendant, over a month after acceptance of plea of not guilty to a charge of robbery armed, failed to meet requirement of court rule that defendant be advised of his right to counsel and that such counsel be appointed prior to taking his plea to the arraignment on the information, hence, where such counsel had sought remand for preliminary examination, remand is ordered therefor, and arraignment on the information, and new trial (CLS 1961, § 750.529; GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J. Submitted Division 1 October 5, 1966, at Detroit. (Docket No. 1,347.) Decided March 28, 1967.

Hozie Wiggins was convicted of robbery armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Edward F. Bell,* for defendant.

LESINSKI, C. J. A complaint and warrant were issued on March 20, 1963, against Hozie Wiggins for robbery armed.[1] On the same date defendant

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

was arraigned on the warrant and waived the preliminary examination without the benefit of counsel. Defendant was held for trial with bond fixed at $20,000. The information, to which defendant pled not guilty, was read to him for the crime of robbery armed on March 28, 1963. The trial which was set for April 18, 1963, was adjourned to April 30, 1963. The record reflects that defendant was not represented by counsel until April 29, 1963. The absence of counsel apparently resulted in the trial being again adjourned until May 21, 1963. On the last mentioned date, counsel for the accused was permitted to withdraw from the case.

On May 21, 1963, the record shows that Mr. Peter Cobbs filed an appearance as assigned counsel for defendant. However, the actual order of the court appointing Mr. Cobbs as counsel for the indigent defendant was not issued until June 10, 1963. Mr. Cobbs on the latter date by oral motion before the then presiding judge, requested the cause be referred back for preliminary examination. The motion was denied by the court "in view of the number of previous adjournments." Trial was then set and commenced on June 11, 1963, on the day after Mr. Cobbs had been officially assigned as defendant's attorney. Defendant was tried without a jury and found guilty as charged. Defendant appeals here.

Although several assignments of error are made by defendant, only two narrow questions need be discussed in view of our decision herein:

(1) Whether the trial court abused its discretion in denying defendant's motion to refer the cause back for a preliminary examination?

(2) Whether the trial court erred in its failure to advise defendant of his right to counsel and to appoint counsel prior to taking defendant's plea to the arraignment on the information?

CLS 1961, § 767.42 (Stat Ann 1965 Cum Supp § 28.982)[2] provides that it is within the discretion of the court to remand a case to the proper magistrate for a preliminary examination upon timely application therefor prior to trial where such an examination has been previously waived by the accused without the benefit of counsel.

Defendant herein waived the preliminary examination without the benefit of counsel. Since defendant's previous counsel had been permitted to withdraw from the case by the court, effective counsel was not provided for him until the appointment of Mr. Cobbs on May 21, 1963. On June 10, 1963, Mr. Cobbs orally motioned for the cause to be referred back for a preliminary examination. The court denied the motion. Such a denial under these circumstances constituted an abuse of discretion. The mere excuse of "previous adjournments" of trial is not enough to deny this defendant a preliminary examination where it appears that the adjournments were the result of the accused not being afforded counsel.

In reviewing this record as to the second question, we also observe that defendant was arraigned and pled not guilty to the information on March 28, 1963, without the benefit of counsel. The record fails to show that defendant was advised by the court of his right to counsel or that he waived his right to counsel.

---

[2] "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination. If any person waives his right to such examination without having had the benefit of counsel at the time and place of the waiver, upon proper and timely application by said person or his counsel, before trial or plea of guilty, the court having jurisdiction of the cause, in its discretion, may remand the case to the magistrate for preliminary examination."

This Court said in *People* v. *Wurtz* (1965), 1 Mich App 190, 196:

"In Michigan, any person charged with a felony has the right to legal counsel before being required to plead at arraignment, by virtue of GCR 1963, 785.3."

GCR 1963, 785.3(1) provides:

"If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken."

We do not find compliance by the court with this rule, 785.3(1).[3] The lack of counsel at the time of the plea to the information, absent any showing that the accused waived counsel after being instructed as to his rights thereto by the court, does not show compliance with GCR 1963, 785.3(1), *supra*. Here the record does not show that the accused was so instructed by the court as to his rights to counsel prior to the taking of the plea. Thus, the assignment of counsel for this defendant over a month after the plea was taken by the court fails to meet the requirement of our court rules.

The judgment of the trial court is reversed. The cause is remanded for a preliminary examination, arraignment on the information, and a new trial.

J. H. GILLIS and HOLBROOK, JJ., concurred.

[3] GCR 1963, 785.3(1) is made mandatory by GCR 1963, 785.3(4).