## PEOPLE v. FOSTER.

1. CRIMINAL LAW—EVIDENCE—OPINION TESTIMONY.
   Characterization by a witness, in the course of giving his expert testimony, of a feature of what he observed as "bizarre" was not improper because it was descriptive of what he saw in photographic exhibits (GCR 1963, 605).

2. SAME—EVIDENCE—INTEREST AND BIAS OF WITNESS.
   Interest and bias of a witness go to the question of credibility, and it is the task of the trier of facts to determine credibility.

3. APPEAL AND ERROR—CRIMINAL LAW—FINDINGS OF FACT.
   Findings of fact by the trial court will not be overturned unless clearly erroneous (GCR 1963, 517.1).

4. SAME—EVIDENCE—EXAMINATION OF WITNESSES—LEADING QUESTIONS.
   Within the discretion of the trial court, no question is objectionable solely because it is leading (CL 1948, § 768.24).

5. SAME—EVIDENCE—EXPERT TESTIMONY—OPINION.
   Act of the trial court in permitting a doctor who performed an autopsy on deceased to refer in testimony in trial for murder to marks on her neck as "finger marks" and "thumb mark" *held,* not reversible error because the terms were descriptive (CL 1948, § 750.316; GCR 1963, 605).

6. SAME—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   No new trial will be granted on the basis of newly discovered evidence unless the evidence is such as to render a different result probable on retrial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 153.
[2] 58 Am Jur, Witnesses § 862.
[3] 5 Am Jur 2d, Appeal and Error § 839.
[4] 58 Am Jur, Witnesses §§ 568, 570.
[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 111–113.
[6] 39 Am Jur, New Trial §§ 156, 165, 166.

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 1,407.) Decided July 24, 1968. Leave to appeal denied October 29, 1968. See 381 Mich 785.

Carl F. Foster was convicted of first degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Joseph L. Hardig, Jr.,* for defendant.

QUINN, P. J. Defendant's non-jury trial resulted in his conviction of first degree murder,[1] and he was sentenced therefor. His motions for new trial were denied, and he appeals the conviction and sentence as well as the denial of the motions for new trial. The appeal raises questions of admission of testimony, validity of findings of fact by the trial judge, and abuse of discretion by the latter in permitting the prosecuting attorney to ask leading questions and in denying defendant's motion for new trial based on a claim of newly discovered evidence.

On February 28, 1964, at about 9:30 a.m., defendant found his wife hanging in the basement of their home. She was pronounced dead by strangulation as the result of suicide. April 23, 1965, the body was exhumed, an autopsy was performed by Dr. Olsen, a pathologist, and defendant was charged with the murder of his wife.

---

[1] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

At trial and at the beginning of Dr. Olsen's testimony, he was being interrogated with respect to the manner by which he was called into the investigation which led to the order for exhumation. In the process, he was shown certain exhibits, some of which were photographs of the rope from which defendant's wife was found hanging February 28, 1964. When the doctor was asked if he had formed an opinion as to the possible cause of death of defendant's wife as a result of consultations and viewing the exhibits, the defendant objected as follows:

"I object, your Honor. I think that the doctor can state if he told anybody an opinion at that time."

There is more to the objection but it is not pertinent to present discussion. The objection was overruled, and the doctor was asked:

"*Q.* I'll ask you, doctor, whether on April 22, 1965, you appeared at a hearing before the coroner for the county of Oakland, Dr. Bernard Berman, on a petition for disinterment, and autopsy?

"*A.* Yes.

"*Q.* And did you there express to the coroner an opinion that you had formulated in support of such petition?

"*A.* Yes.

"*Q.* Will you state what that opinion was, and why you arrived at it, and to what extent these exhibits formed a basis for your opinion?

"*A.* The examination of these exhibits, suggested to me that it was possible or even very likely that Angela Foster had not taken her own life, as it was at first thought.

"*Q.* Will you refer specifically to the exhibits which you have at your side, doctor, exhibit two, and exhibits three through nine, inclusive, and point to any of these exhibits that specifically supported your opinion, and why?

"*A.* Exhibit five, and also exhibit three, show a bizarre group of knots tied about the pipe, appar-

ently a senseless tying for a person committing suicide."

Then defendant objected as follows:

"I object, your Honor, and ask that answer be stricken. He's giving his opinion and a conclusion about ropes. He's an expert pathologist, and we don't need any interpretation whether the knots were bizarre, normal or usual. He's giving an opinion, and he's not qualified to do so. I object, and ask the answer be stricken."

This objection was overruled and defendant claims error. We do not find error. The doctor did as defendant indicated he could do in the first objection noted above. In addition, we believe the doctor's opinion was admissible under GCR 1963, 605, see *People* v. *Woody* (1966), 3 Mich App 729. Characterization of the knots in the rope as "bizarre" while stating the reasons for his opinion was not improper. We view it as a descriptive term of what the doctor saw in the exhibits, not as an opinion.

Defendant's attack on the trial court's findings of fact involves the interest and alleged bias of Dr. Olsen. The interest and bias of a witness go to the question of credibility and the trier of facts determines credibility. *Bates* v. *Franson* (1936), 276 Mich 79. We are not persuaded the findings objected to are clearly erroneous, GCR 1963, 517.1, and defendant did not object to calling Dr. Olsen as an expert.

With respect to defendant's allegation of reversible error because the prosecuting attorney was permitted to ask a witness leading questions in obtaining from the witness testimony relating to damaging admissions made by defendant to the witness, the trial court has discretion in this area, CL 1948,

§ 768.24 (Stat Ann 1954 Rev § 28.1047), and this record does not demonstrate abuse of that discretion.

Over defendant's objection, Dr. Olsen was permitted to characterize certain marks on the neck of defendant's wife as "thumb mark" and "finger marks." We are not persuaded this was reversibly erroneous; it is within the purview of GCR 1963, 605.

*People* v. *Keiswetter* (1967), 7 Mich App 334, states the rule on the granting of new trials on the basis of newly discovered evidence. One of the 4 factors required to be present for such a grant is there stated to be, "that the evidence is such as to render a different result probable on retrial." In considering the motion in this case, the trial judge meticulously went through the new evidence and weighed it against the evidence at trial and found that the new evidence would not render a different result probable. With this finding we agree.

Affirmed.

T. G. KAVANAGH and CORKIN, JJ., concurred.