## PEOPLE v. STEWART

1. CRIMINAL LAW—ARRAIGNMENT—PRESENCE OF COUNSEL.

   A defendant is entitled to the presence of counsel at arraignment on a criminal information, however, trial court's action in entering a plea of not guilty for a defendant in the absence of counsel does not constitute reversible error, absent a showing that it was prejudicial to defendant.

2. CRIMINAL LAW—PLEA OF GUILTY—INDUCEMENT—UNFULFILLED PROMISES.

   Affidavit of convicted defendant that his plea of guilty to a criminal charge was induced by the unkept promises of his counsel and two assistant prosecuting attorneys that other charges pending against him would be dismissed, where his allegations are denied in affidavits by the prosecuting attorneys, but it appears there was a discussion between defendant's counsel and an assistant prosecuting attorney regarding the disposition of the other charges in the event the defendant pled guilty, requires that an evidentiary hearing be held to determine whether defendant's plea was so induced.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 1 December 11, 1969, at Detroit. (Docket No. 7,030.) Decided February 24, 1970.

James L. Stewart was convicted, on his plea of guilty, of uttering and publishing a forged instrument. Defendant appeals. Remanded for evidentiary hearing.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 486, 488, 493.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Leonard E. Reinowski, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

PER CURIAM. The defendant, James L. Stewart, was convicted upon his plea of guilty of uttering and publishing a forged instrument. MCLA § 750.249 (Stat Ann 1962 Rev § 28.446). He appeals.

Preliminary examination was waived and the defendant was bound over to the circuit court. Arraignment on the information in circuit court was originally set for July 25, 1968 but defendant's counsel did not appear. The arraignment was adjourned to August 8, 1968. Although notice of the adjourned date was sent to defendant's counsel, he also failed to appear at this hearing; the information was read and a plea of not guilty was entered for the defendant by the trial judge.

The defendant was, of course, entitled to have counsel at his side when he was arraigned on the information. It is not claimed, however, that the defendant was in any way prejudiced by the failure of his attorney to appear. We did not discern upon our examination of the record any basis for a claim that the defendant was in fact prejudiced by the entry of a plea of not guilty in the absence of his counsel. If it appeared that the entry of the not guilty plea had disadvantaged the defendant, who ultimately pled guilty, another question would be

presented (see *Hamilton* v. *Alabama* [1961], 368 US 52 [82 S Ct 157, 7 L Ed 2d 114]; *White* v. *Maryland* [1963], 373 US 59 [83 S Ct 1050, 10 L Ed 2d 193]); in this case we find no reversible error.

The defendant has filed an affidavit stating that before he pled guilty he was promised by his attorney and the assistant prosecuting attorney who was present when he tendered his plea of guilty that other charges pending against him would be dismissed, and that in violation of that commitment the other charges were reinstated.

At the time the defendant pled guilty in the instant case to uttering and publishing, there were also pending against him two separate charges of breaking and entering and a charge of possession of burglary tools. After the defendant was sentenced in the instant case he was tried and convicted on one charge of breaking and entering and the other two charges were dismissed.

The assistant prosecuting attorney who was in court when the defendant's guilty plea was tendered and accepted has filed an affidavit denying that he made any promise or statement to the defendant for the purpose of inducing him to plead guilty; he added that he did not promise, suggest or imply to the defendant or to his counsel that other cases would be dismissed if he pled guilty. Another assistant prosecuting attorney, who was in charge of all the cases pending against the defendant, has filed an affidavit stating that he met with the defendant on only one occasion (at the time of his "initial arraignment" on the instant charge) and that he did not discuss the disposition of any other case with the defendant or otherwise make any promise or suggestion in an effort to induce him to plead guilty. He added, however, that when defendant's trial counsel advised him of the defendant's intention to

plead guilty, counsel inquired about the disposition of the other pending cases. The assistant prosecutor says that he then advised defendant's counsel of the general policy of the Macomb county prosecuting attorney in that regard.

We have no way of knowing whether the defendant's trial counsel told the defendant of the conversation concerning that general policy and, if so, whether, as the defendant alleges, defendant's counsel promised him that the other pending charges would be dismissed if he pled guilty. If defendant's trial counsel did in fact make false representations to the defendant concerning his conversations with the assistant prosecuting attorney, this would present an issue entirely different than a mere erroneous prediction by overly optimistic defense counsel. *Cf. People* v. *Bartlett* (1969), 17 Mich App 205, 218; see *People* v. *Byrd* (1968), 12 Mich App 186, 226, 227, per LEVIN, J., concurring. We see no need to consider the complex question of the effect of a misrepresentation by a defendant's counsel on his plea of guilty except in the context of a testimonial record which would support a finding that false representations were in fact made.

As to the alleged misrepresentation by an assistant prosecuting attorney, we note that while the defendant's affidavit does not name the assistant prosecuting attorney with whom it is alleged the defendant had discussions, he was identified with sufficient clarity to enable the people to file a responsive affidavit when he was described as the assistant prosecuting attorney who appeared in court when the defendant pled guilty. *Cf. People* v. *Bartlett, supra,* pp 216, 218; contrast *People* v. *Scruggs* (1969), 14 Mich App 47; *People* v. *Dickerson* (1969), 17 Mich App 201; *People* v. *Kindell* (1969), 17 Mich App 22.

This case is remanded to the trial court for an evidentiary hearing on the question whether the defendant was induced to plead guilty by unkept promises of his counsel or of an assistant prosecuting attorney. We do not retain jurisdiction.