PEOPLE v. TRUDEAU

1. SEARCHES AND SEIZURES — CRIMINAL LAW — INCARCERATED DE-
FENDANT — PROBABLE CAUSE — CONSTITUTIONAL LAW — FOURTH
AMENDMENT.
  Taking of defendant's shoes by police for purposes of comparing
  them with a shoe print found at the scene of a murder, al-
  though there was no probable cause to arrest him for that
  murder, did not violate defendant's Fourth Amendment right
  against unreasonable search and seizure where he was law-
  fully incarcerated for another felony when his shoes were taken,
  the police were investigating that murder and had evidence
  linking a shoe print to the murderer, the defendant had be-
  come a suspect during that investigation, and only defend-
  ant's shoes, which were in open view, were taken, and no
  thorough search of defendant's effects had occurred (US Const,
  Am 4).

2. EVIDENCE—PHYSICAL EVIDENCE—CRIMINAL LAW—CONSTITUTIONAL
LAW—SELF-INCRIMINATION.
  The Fifth Amendment privilege against self-incrimination pro-
  tects an accused from being compelled to testify against him-
  self or otherwise being compelled to provide the state with
  evidence of a testimonial or communicative nature, but it is
  not a bar against that compulsion which makes a suspect the
  source of real or physical evidence (US Const, Am 5).

3. EVIDENCE—CLOTHING—CRIMINAL LAW—CONSTITUTIONAL LAW—
SELF-INCRIMINATION.
  Clothing is a physical fact and is not of a testimonial or of a
  communicative nature within the scope of the Fifth Amend-
  ment bar against self-incrimination (US Const, Am 5).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures §§ 52–54.
[2, 3] 21 Am Jur 2d, Criminal Law § 368.
[4] 21 Am Jur 2d, Criminal Law § 314.

4. CRIMINAL LAW — EVIDENCE — PHYSICAL EVIDENCE — TAKING —
   ANALYSIS — PRESENCE OF COUNSEL.

   The taking and analysis of a suspect's fingerprints, blood
   samples, clothing, hair, etc., is not a critical stage of criminal
   proceedings requiring the presence of counsel; hence defend-
   ant's right to counsel did not attach when his shoes were taken
   for comparison with a shoe print found at the scene of a
   murder.

Appeal from Oakland, Frederick C. Ziem, J. Sub-
mitted Division 2 November 5, 1969, at Lansing.
(Docket No. 6,785.) Decided February 26, 1970.
Leave to appeal granted September 28, 1970. 384
Mich 762, 769.

Edward Trudeau was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Dennis Donohue,* Chief
Appellate Counsel, for the people.

*Barry M. Grant,* for defendant.

Before: GILLIS, P. J., and McGREGOR and V. J.
BRENNAN, JJ.

McGREGOR, J. Defendant Edward Trudeau was
convicted of second-degree murder, according to
statute: CL 1948, § 750.317 (Stat Ann 1954 Rev
§ 28.549). Initially, defendant was arrested in the
city of Detroit, for breaking and entering a United
States Post Office. During his detention on this
charge, investigation of a murder which had oc-
curred at the Shaarey Zedek synagogue was continu-
ing. Part of the evidence acquired in the murder
investigation was a heel print of the killer. While
the defendant was incarcerated, and apparently

without probable cause to arrest him for the synagogue murder, police took his shoes for the purpose of comparing the shoe impression at the scene of the crime and the impression of the defendant's shoes. The report of that study was subsequently admitted into evidence and the defendant was convicted. On appeal, as at trial, defendant alleges error in the admission of this evidence, claiming that it was improperly introduced in contravention of his Federal constitutional rights under the 4th, 5th, and 6th Amendments.

Defendant advances the argument that his right to be free from unreasonable search and seizure was violated. It is his contention that a warrant was not obtained and that, in any event, probable cause did not exist to arrest him and take his shoes.

Defendant cites *People* v. *Carr* (1963), 370 Mich 251, in support of his argument that the shoe impression was unlawfully obtained and, therefore, improperly admitted into evidence. In *Carr,* the defendant was in jail, serving a 30-day misdemeanor sentence, and was approached by police officers concerning a crime which had occurred in another county. Being unable to learn anything from defendant, the police—without a search warrant and without probable cause to believe that a felony had been committed by Carr—proceeded to make a thorough inspection of his automobile for the purpose of securing evidence which might possibly link the defendant to the out-county crime. Such a search and the resulting evidence were held inadmissible.

In the instant case, defendant was lodged in jail subsequent to his arrest for the crime of breaking and entering. The police were investigating the synagogue murder and had evidence linking a shoe print to the murderer. During their investigation,

the defendant became a suspect; only his shoes, which were in open view, were taken for purposes of comparing their prints with the shoe prints found at the scene of the murder.   The holding in *Carr, supra,* is different in vital respects.   Defendant here was under arrest for a felony; no thorough search of his effects took place; only a shoe was taken for comparison, an intrusion which is minimal in light of the circumstances.

Defendant states that the recent case of *Davis* v. *Mississippi* (1969), 394 US 721 (89 S Ct 1394, 22 L Ed 2d 676), supports his argument that his fingerprints and shoes were unlawfully taken in violation of the 4th Amendment.   The fact situation in obtaining the defendant's fingerprints in that case is not analogous to the taking of defendant's shoes here. In *Davis,* the police virtually conducted a dragnet of the local citizenry.   At least 24 persons were fingerprinted and between 40 and 50 other youths were interrogated by the police.   No attempt was made to employ procedures which might comply with the requirements of the 4th Amendment.   There was neither a warrant nor probable cause for Davis's arrest.   At the time of his detention and when his fingerprints were taken, the police had no intention of charging Davis with the crime and were far from making him the primary focus of their investigation. The court was clear in emphasizing that the prints were the result of several unlawful detentions which resulted in repeated interrogation and the fingerprinting of the defendant.   At one point, and without any probable cause to arrest him, the defendant was housed overnight in jail.   In its decision, the court indicated that fingerprints might be taken from a person in certain defined circumstances although no probable cause may exist to arrest that individual.

We find the inconvenience, harassment, and interrogation present in *Davis* were not present here. This defendant was lawfully detained on the felony arrest, and, while so incarcerated, only his shoes were taken for the purpose of correlating the prints thereof with the shoe prints taken at the scene of the synagogue murder.

The 4th Amendment protects an individual from *unreasonable* searches and seizures; it protects one's right of personal privacy. To some degree this veil of privacy had already been pierced by defendant's lawful detention. Therefore, considering all the circumstances, we find that defendant's 4th Amendment rights have not been violated.

The 5th Amendment privilege against self-incrimination, as made applicable to the states by the 14th Amendment, protects an accused from being compelled to testify against himself, or otherwise being compelled to provide the state with evidence of a testimonial or communicative nature. Clothing has been consistently regarded as a physical fact, and the 5th Amendment is not a bar against that compulsion which makes a suspect the source of real or physical evidence. The distinction between physical and communicative facts is clearly drawn in *Schmerber* v. *California* (1966), 384 US 757 (86 S Ct 1826, 16 L Ed 2d 908).

The case of *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), governs petitioner's assertions that his 6th Amendment right to counsel was violated. *Wade* reasoned that the defendant had a right to be advised of and have counsel present at every critical stage of the criminal proceedings. This case also indicates that the time of the taking and analysis of "fingerprints, blood sample, clothing, hair, and the like * * * " is not a critical stage for purposes of requiring counsel.

Consistent with that reasoning, we hold that a suspect's right to counsel does not attach when his shoes are taken.

The Michigan case of *People* v. *Davis* (1969), 17 Mich App 615, in which both United States Supreme Court cases, *Davis* v. *Mississippi, supra,* and *Schmerber* v. *California, supra,* were cited as controlling guidelines, supports our decision and we cite it with approval.

Affirmed.

All concurred.