PEOPLE v. DAWSON

1. CRIMINAL LAW—AIDING AND ABETTING—INSTRUCTIONS TO JURY.
    Whether an instruction on aiding and abetting is proper depends
    on whether there has been evidence presented which would
    support such a theory of guilt.

2. HOMICIDE—SECOND-DEGREE MURDER—AIDING AND ABETTING—IN-
   STRUCTIONS TO JURY.
    Giving an instruction to the jury on aiding and abetting in
    defendant's trial for murder was not improper where the
    defendant argued that it was another person who fired the
    fatal shots and there was evidence that the defendant had been
    acting in concert with the other man (MCLA § 767.39).

3. EVIDENCE—OBJECTIONS—TIMELINESS.
    An objection to evidence must be made, as a general rule, at
    the time the ground for the objection becomes known.

4. CRIMINAL LAW—EVIDENCE—TESTIMONY—MOTION TO STRIKE.
    Refusing to strike the testimony of two of the prosecution's wit-
    nesses was not an abuse of discretion where the defendant did
    not object at the time the testimony was offered and his
    counsel cross-examined the witnesses.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 February 8, 1971,
at Detroit. (Docket No. 9955.) Decided April 2,
1971. Leave to appeal denied, 385 Mich 776.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 580, 647.
[2] 40 Am Jur 2d, Homicide § 507.
[3] 53 Am Jur, Trial § 134.
[4] 53 Am Jur, Trial §§ 143, 152.

Henry Dawson was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Per Curiam. After a trial by jury the defendant was convicted of second-degree murder, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549), and he now appeals.

It is urged that the evidence adduced at trial was insufficient to warrant a finding of guilty beyond a reasonable doubt. Review of the record shows that there was ample competent evidence from which the jury could conclude beyond a reasonable doubt that the defendant was guilty.

The defendant contends that the trial court erred in giving an instruction regarding aiding and abetting pursuant to MCLA § 767.39 (Stat Ann 1954 Rev § 28.979). The test of whether such an instruction is proper is whether or not there has been evidence presented which would support such a theory of guilt. *People* v. *Ware* (1968), 12 Mich App 512. The defendant has argued that it was another person who fired the fatal shots. The record contains evidence that would support a finding that the two men were acting together. Therefore, the giving of the instruction was not improper.

The defendant contends that it was error for the trial court to refuse to strike testimony of two of the prosecution's witnesses. The defendant did not object at the time this testimony was offered. His counsel cross-examined these witnesses. In general an objection must be made at the time the grounds for the objection become known. Wigmore on Evidence (3d ed), § 18. Since the objection was not timely we do not believe that the trial court abused its discretion in refusing to strike the testimony. See *People* v. *Maloy* (1919), 204 Mich 524.

Affirmed.