PEOPLE v BUFKIN (ON REHEARING)

PEOPLE v CARTER (ON REHEARING)

OPINION OF THE COURT

1. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY—INCLUDED OFFENSES.

In a prosecution for felony murder the trial judge is obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty; felony murder is a creature of statute in which the element of premeditation is conclusively presumed by proof of the perpetration or attempt to perpetrate a specific felony and, as such, neither second-degree murder nor manslaughter can possibly be lesser included offenses.

2. HOMICIDE—FELONY MURDER—MULTIPLE-COUNT INFORMATION.

The rule that felony murder is an offense exclusive of second-degree murder and manslaughter does not preclude the prosecutor from including in the information a second count for that degree of homicide which he feels the facts support; before the case is submitted to the jury the people may elect whether to go to the jury on the felony-murder count alone or on both counts where the proofs adduced support such submission and the defense is entitled to move the court to compel an election or dismiss either count unsupported by proofs.

3. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY.

Because of the clear language of the first-degree murder statute, the only charge to be given the jury regarding a felony-murder offense is a clear recitation of the elements concerning the commission or attempted commission of a felony along with the charge that if they should find that the people have proven those elements of the felony beyond a reasonable doubt and they should further find that a death occurred in the perpetration or attempt to perpetrate any of the offenses specified in the

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 40 Am Jur 2d, Homicide §§ 498, 506, 534, 535.
[2] 40 Am Jur 2d, Homicide § 211.
[4, 5] 40 Am Jur 2d, Homicide § 442.

statute, the defendant should be found guilty of first-degree murder; where felony murder is the only count, the court cannot give included offenses of murder in the charge (MCLA 750.316).

DISSENT BY LESINSKI, C. J.

4. HOMICIDE—FELONY MURDER—SECOND-DEGREE MURDER—EVIDENCE —SUFFICIENCY.

*A verdict of guilty of second-degree murder returned in a trial for a felony murder mandates the conclusion that no felony or attempted felony was involved in the killing where the jury was instructed that they could consider a verdict of second-degree murder or manslaughter only if they found that there was no robbery or attempted robbery; a judgment of acquittal notwithstanding a verdict of guilty of second-degree murder should have been granted to a defendant charged with participating in the killing of a man during an attempted robbery, where the overwhelming evidence was that defendant drove the car and his codefendant did the shooting, and there was no evidence that the defendant and codefendant had any common design other than the hypothesized robbery which the jury expressly rejected in its verdict of second-degree murder (MCLA 750.316, 750.317).*

5. HOMICIDE—FELONY MURDER—SECOND-DEGREE MURDER—EVIDENCE —PRESERVING QUESTION.

*A motion for acquittal notwithstanding the verdict was properly denied to a defendant charged with killing a man during an attempted robbery where the evidence was sufficient to convict him of second-degree murder, the trial judge, sua sponte, correctly charged the jury regarding second-degree murder, and defendant failed to object to the charge thus waiving any possible right he might have to object on appeal, absent any manifest injustice.*

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 October 6, 1971, at Detroit. (Docket Nos. 8317, 8408.) Decided July 23, 1973. Leave to appeal granted as to Carter, 390 Mich —.

Andrew Bufkin and Andrew Carter were convicted of second-degree murder. Defendants ap-

peal. Affirmed. Rehearing granted. Affirmed on rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant Bufkin on appeal.

*Kenneth R. Teschendorf (M. Gerald Schwartzbach,* of counsel), for defendant Carter on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN and O'HARA, JJ. This case is before us on rehearing by our grant thereof. The facts and original decisional holding are to be found at 43 Mich App 585; 204 NW2d 762 (1972).

The prosecuting attorney takes particular exception to the following language in the initial opinion:

*"We here hold decisionally that in a prosecution for felony murder, that is to say any homicide committed in the perpetration, or the attempt to perpetrate one of the statutorily specified offenses, the trial judge is obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty.* We do not reach this conclusion lightly. We have reviewed all of the case law of our state and of many other jurisdictions. We adopt this rule because *'felony murder,'* so called is a *creature of statute* in which the element premeditation is conclusively presumed by proof of the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

perpetration or attempt to perpetrate a specific felony. As such, neither second-degree murder nor manslaughter can possibly be lesser included offenses. These two latter crimes and felony murder are mutually exclusive offenses." (Emphasis supplied.) *People v Bufkin,* 43 Mich App at 589; 204 NW2d at 763.

To this language the prosecution in part replies:

"This language is susceptible of only one interpretation, that in any case where felony murder is charged the jury will not be allowed to find the defendant guilty of murder in the second degree or manslaughter. Appellee contends that there should be no absolute rule against verdicts of murder in the second degree and manslaughter in such cases but that such verdicts should be allowed where the evidence warrants it."

We do not agree that such is the case, unless the information is a one-count felony-murder charge. We know of no constitutional provision, statute, or case precedent that precludes the people from including a second count for that degree of homicide which the people feel the facts support. Before the case is submitted to the jury the people may elect whether to go to the jury on the felony-murder count alone or on both counts where the proofs adduced support such submission. Contrariwise the defense is entitled to move the court to compel an election or dismiss either count unsupported by proofs.

We held as we did in order to eliminate the confusion that of necessity arises where the case goes to the jury on a felony-murder count and where the trial judge charges on second-degree murder and manslaughter. It is under such a charge that incongruous and compromise verdicts can result.

We point out that because of the clear language of the statute, the only charge to be given the jury

regarding the felony-murder offense is a clear recitation of the elements concerning the commission or attempted commission of a felony along with the charge that if they should find that the people have proven those elements of the felony beyond a reasonable doubt and they should further find that a death occurred in the perpetration or attempt to perpetrate any of the offenses specified in the statute, the defendant should be found guilty of first-degree murder. Where felony murder is the only count, the court cannot give included offenses of murder in the charge.

We persist in this judicial conclusion that the Legislature intended just exactly what is said, that any murder, *i.e.,* homicide, committed in the perpetration or attempt to perpetrate any one of the offenses specified in the statute is murder in the first degree. Felony murder is *sui generis.* There can be no lesser included offense, if the case goes to the jury on a felony-murder count alone. The susceptibility to prosecution for first-degree murder has legislatively been made an occupational hazard of perpetrating or attempting to perpetrate any one of the specified felonies. This is the Legislature's business, not ours. The choice of whether to charge felony murder alone is the prosecuting attorney's. When the choice is made, and if a jury-submissible case is made out, the verdict must be guilty of murder in the first degree or not guilty. We affirm our prior opinion.

LESINSKI, C. J. *(dissenting).* For reasons expressed in my original opinion, I would affirm the conviction of Andrew Bufkin and reverse as to Andrew Carter and order his discharge.