PEOPLE v TRUDEAU

1. CRIMINAL LAW—ARRAIGNMENT—RIGHT TO COUNSEL—FELONIES—
   PREJUDICE.
   Failure to adjourn a defendant's arraignment on the information
   in a felony case after the defendant demanded appointed coun-
   sel for arraignment purposes was not error where the defend-
   ant asserts no prejudice and none appears from the record, and
   where, because the defendant stood mute and a not guilty plea
   was entered for him, the defendant lost no crucial rights from
   the judge's act.

2. CRIMINAL LAW—LEADING QUESTIONS—DISCRETION—STATUTES.
   Overruling defendant's objections to certain allegedly leading
   questions asked of a key prosecution witness relating to preju-
   dicial admissions of the defendant was not an abuse of discre-
   tion where the witness did not understand the questions pro-
   pounded to him and where there was no danger that the
   prosecutor's questions had been designed to secure the witness's
   acquiescence in a false suggestion (MCLA 768.24).

3. EVIDENCE—BEST EVIDENCE RULE—DOCUMENTARY EVIDENCE—PHYSI-
   CAL EVIDENCE.
   The best evidence rule generally applies to documentary evidence
   where the contents are in issue, not to tangible physical evi-
   dence.

4. EVIDENCE—DESTRUCTION OF EVIDENCE—SECONDARY EVIDENCE—
   NEGLIGENCE—BAD FAITH.
   Secondary evidence is admissible when evidence is destroyed,
   absent a showing of negligence or bad faith.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 452, 457.
[2] 58 Am Jur, Witnesses § 569.
[3] 30 Am Jur 2d, Evidence §§ 1085, 1086.
[4, 5] 29 Am Jur 2d, Evidence § 454.
[6] 40 Am Jur 2d, Homicide § 585.
[7] 40 Am Jur 2d, Homicide §§ 484, 485.
[8] 68 Am Jur 2d, Searches and Seizures § 62.
[9] 5 Am Jur 2d, Arrest §§ 16, 72.
[10] 5 Am Jur 2d, Arrest §§ 116, 117.
[11] 40 Am Jur 2d, Homicide § 72.

5. CRIMINAL LAW—EVIDENCE—DESTRUCTION OF EVIDENCE—SECONDARY EVIDENCE—BEST EVIDENCE RULE.

Admitting at retrial parol testimony about gloveprints at the scene of a crime which matched defendant's gloves did not violate the best evidence rule where the police had destroyed the prints some time after the defendant's first trial and appeal, because the routine destruction of this evidence several years after its original taking and defendant's trial, conviction, and appeal showed neither negligence nor bad faith.

6. HOMICIDE—SECOND-DEGREE MURDER—AIDING AND ABETTING—PRESENCE AT THE SCENE—QUESTION FOR JURY.

Mere presence at the scene of a felony cannot create a jury question of aiding and abetting second-degree murder.

7. HOMICIDE—MANSLAUGHTER—EVIDENCE—COMMON ENTERPRISE—QUESTION FOR JURY.

A jury could reasonably infer the requisite intent to convict a defendant of manslaughter from the defendant's close association with the actual killer, his participation in planning and executing the breaking and entering, evidence of flight after the killing, and defendant's inculpatory admissions; whether the homicide was fairly within the scope of the common enterprise was for the jury.

8. SEARCHES AND SEIZURES—ILLEGAL SEARCH—EVIDENCE—MOTION TO SUPPRESS.

Objections to illegally seized evidence are properly raised by a motion to suppress.

9. ARREST—WARRANT—PROBABLE CAUSE—REVIEW BY MAGISTRATE—EVIDENCE—INADMISSIBLE EVIDENCE.

A magistrate reviewing an arrest warrant is not required to determine probable cause from only legally admissible evidence.

10. ARREST—ILLEGAL ARREST—PROSECUTION.

An illegal arrest does not entitle a defendant to avoid prosecution for the charges for which he was arrested.

11. HOMICIDE—FELONY MURDER—LESSER INCLUDED OFFENSES—PERMISSIBLE CHARGES.

The choice of whether to charge a defendant with separate counts of breaking and entering and second-degree murder or felony murder alone is the prosecuting attorney's; however, in a case where the defendant's original conviction of second-degree murder was remanded for retrial, the prosecution was legally

precluded from charging felony murder on retrial since a finding of guilt of the lesser charge was an implied acquittal of all higher offenses.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 December 12, 1973, at Lansing. (Docket No. 16268.) Decided March 5, 1974. Leave to appeal denied, 391 Mich 839.

Edward Trudeau was convicted of manslaughter and breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Sandra M. Kabboush,* Assistant Prosecuting Attorney, for the people.

*Joseph L. Hardig, Jr.,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS, and R. H. CAMPBELL,* JJ.

J. H. GILLIS, P. J. On retrial, a jury convicted defendant of manslaughter, MCLA 750.321; MSA 28.553, and breaking and entering, MCLA 750.110; MSA 28.305. On appeal, we affirm. The facts are fully set out in *People v Trudeau,* 385 Mich 276; 187 NW2d 890 (1971), *reversing* 22 Mich App 246; 177 NW2d 171 (1970), *cert den,* 405 US 965; 92 S Ct 1169; 31 L Ed 2d 240 (1972). Reiteration is unnecessary to dispose of the issues raised.

Defendant asserts that the trial judge erred in failing to adjourn the arraignment on the information after defendant demanded appointed counsel for arraignment purposes. He claims *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), and *People v Wiggins,* 6 Mich App 340;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

149 NW2d 261 (1967), provide an absolute right to counsel without showing prejudice.

We do not agree. The Court refused defendant's request for appointed counsel for arraignment purposes, entered pleas of not guilty to the charged counts, appointed counsel for the defendant, and set the matter down for trial. Further, the court postponed consideration of two motions, offered *in propria persona,* until defense counsel could present them. One motion, requesting a new preliminary examination, was granted after defense counsel presented it. Defendant asserts no prejudice and none appears from this record.

"In Michigan, any person charged with a felony has the right to legal counsel before being required to plead at arraignment by virtue of GCR 1963, 785.3." *People v Wurtz,* 1 Mich App 190, 196; 135 NW2d 579, 583 (1965).

GCR 1963, 785.3(1), provides:

"If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken."[1]

In *People v Stewart,* 22 Mich App 51; 176 NW2d 700 (1970), defense counsel did not appear at the arraignment on the information after notice. The information was read and the trial court entered a plea of not guilty in defendant's behalf in the absence of counsel. Defendant claimed no preju-

---

[1] The language of GCR 1963, 785, was modified effective 6-1-73. *See, especially,* GCR 1963, 785.4–785.6.

dice and none appeared on the record. The Court found no error because the entry of the not guilty plea did not operate to defendant's disadvantage. *Hamilton v Alabama,* 368 US 52; 82 S Ct 157; 7 L Ed 2d 114 (1961); *White v Maryland,* 373 US 59; 83 S Ct 1050; 10 L Ed 2d 193 (1963), and the more searching test of *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970),[2] dictate a similar result here.

"From *Hamilton v Alabama* and *White v Maryland,* it is plain that there is no arbitrary point in time at which the right to counsel attaches in pre-trial proceedings. Even in *White,* decided after *Gideon,* the Court did not refer to counsel 'at every stage.' Rather, *the 'critical' point* is to be determined *both from the nature of the proceedings and from that which actually occurs in each case."* (Emphasis supplied.) *United States ex rel Cooper v Reincke,* 333 F2d 608, 611 (CA 2, 1964).[3]

*People v Wiggins, supra,* is distinguishable. The Court spoke absolutely, but found defendant had been prejudiced by entry of a not guilty plea and waiver of preliminary examination. Counsel was not appointed until one day before trial. That trial date was adjourned and appointed counsel withdrew. Substitute counsel's motion for a prelimi-

---

[2] "[T]he principle of *Powell v Alabama* and succeeding cases requires that *we scrutinize any pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial* as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the *particular* confrontation and the ability of counsel to help avoid that prejudice." (Emphasis supplied.) 399 US at 7; 90 S Ct at 2002; 26 L Ed 2d at 395.

*And see Kirby v Illinois,* 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972).

[3] *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970), and *Kirby, supra,* do not appear to us to change the Second Circuit's analysis.

nary examination was denied in view of the number of previous adjournments. *Wiggins* properly found an abuse of discretion in denying the preliminary examination request. Further, reversible error arose from lack of advice of the right to counsel and failure to assign counsel until one month after the not guilty plea. *Cf. People v Wurtz, supra,* in which an articulated "prejudice" test was applied.

Further, defendant was not "required to plead". Defendant stood mute and a not guilty plea was entered for him. Defendant therefore lost no crucial rights from the judge's act. *People v Griffin,* 33 Mich App 474; 190 NW2d 266 (1971); *People v Sullivan,* 18 Mich App 1; 170 NW2d 514 (1969).

Next, defendant argues that overruling objections to certain allegedly leading questions asked of the key witness, relating to prejudicial admissions of the defendant, constituted abuse of discretion.

MCLA 768.24; MSA 28.1047, provides:

"Within the discretion of the court no question asked of a witness shall be deemed objectionable solely because it is leading."

Since the witness did not understand questions propounded to him no abuse of discretion resulted. *People v George Johnson,* 5 Mich App 257; 146 NW2d 107 (1966); *People v Foster,* 12 Mich App 418; 162 NW2d 925 (1968). We see no danger here that the prosecutor's questions had been designed to secure the witness's acquiescence in a false suggestion. *People v Lasley,* 21 Mich App 340, 348; 175 NW2d 883, 887 (1970) (BRONSON, J. dissenting).

Defendant next alleges that admitting parol testimony about gloveprints at the scene which matched defendant's gloves violated the best evi-

dence rule. The police had routinely destroyed the prints some time after the first trial and appeal.

The best evidence rule is inappropriate. It generally applies to documentary evidence where the contents are in issue, not to tangible physical evidence. *Dunaway v State,* 278 So 2d 198, *cert den,* 278 So 2d 200 (Ala Cr App, 1973).

Assuming *arguendo* the best evidence rule applies, secondary evidence is admissible when evidence is destroyed, absent a showing of negligence or bad faith. *Commonwealth v Cromartie,* 222 Pa Super 278; 294 A2d 762 (1972); *United States v Trenary,* 473 F2d 680 (CA 9, 1973). The routine destruction of this evidence several years after its original taking and defendant's trial, conviction, and appeal to this Court, shows neither negligence nor bad faith.

Citing *People v Burrel,* 253 Mich 321; 235 NW 170 (1931), defendant urges mere presence at the scene of a felony cannot create a jury question of aiding and abetting second-degree murder.[4]

Defendant states a true legal proposition. However, the prosecution showed more than mere presence. The jury could reasonably infer intent from defendant's close association with the actual killer, his participation in planning and executing the breaking and entering, evidence of flight after the killing (which may be considered in guilt determination, *People v Cipriano,* 238 Mich 332, 336; 213 NW 104, 105 [1927]), and defendant's inculpatory admissions. Since sufficient evidence was adduced, whether the homicide was fairly

[4] MCLA 767.39; MSA 28.979, the applicable statute, provides: "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may be hereafter prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

within the scope of the common enterprise was for the jury. *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969). While another person delivered the fatal blows, there is sufficient evidence that defendant acted in concert with him. *People v Dawson,* 32 Mich App 336; 188 NW2d 676 (1971). *People v Knapp,* 26 Mich 112, 115 (1872), articulated the now well established principle:

"There can be no criminal responsibility for anything not fairly within the common enterprise, and *which might be expected to happen if the occasion should arise for anyone to do it."* (Emphasis supplied.)

The prosecution produced more evidence than mere presence; the question whether the act was fairly within the common enterprise was properly sent to the jury.

Next, somewhat cryptically, defendant argues that failure to secure a new warrant and complaint on retrial was reversible error. He claims denial of the benefits of *People v Hill,* 44 Mich App 308; 205 NW2d 267 (1973), because the evidence supporting the magistrate's probable cause determination was later declared the product of an illegal search and seizure.[5] Defendant apparently claims that relying on inadmissible evidence deprives him of the independent probable cause determination which *Giordenello,*[6] *Aquilar,*[7] and *Whiteley*[8] guarantee. That novel viewpoint permits us to examine and clarify *People v Hill, supra.*

*Hill* requires the court to make an independent and neutral determination of the facts underlying

---

[5] In no less cryptic an interpretation. *See* 385 Mich 276; 187 NW2d 890 (1971).

[6] *Giordenello v United States* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958).

[7] *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964).

[8] *Whiteley v Warden of Wyoming State Penitentiary,* 401 US 560; 91 S Ct 1031; 28 L Ed 2d 306 (1971).

the judgment of probable cause to arrest. The magistrate reviewing the arrest warrant need not rule on the "admissibility" of persons or evidence to be seized. The independent judgment to be exercised, which the Fourth and Fourteenth Amendments mandate, is quite simply whether there are reasonable grounds to believe the suspect guilty.[9]

Some jurisdictions require probable cause findings to be supported only by legally admissible evidence.[10] The requirement is not of constitutional dimension, even when the inadmissible evidence is the basis for a grand jury indictment, a much later stage in the criminal process. *Costello v United States,* 350 US 359; 76 S Ct 406; 100 L Ed 397 (1956) (but *cf. People v Asta,* 337 Mich 590; 60 NW2d 472 [1953], condemning use of inadmissible hearsay at the preliminary examination). In Michigan, as elsewhere, objections to illegally seized evidence are properly raised by a motion to suppress.

We know of no case, and are cited to none, which requires the judicial contortions that defendant's expanded exclusionary rule implies. As Judge Hand said:

"[Exclusionary rules] apply to evidence that is relevant rationally, but that courts will not accept, not because it does not prove the issue, but it is thought unjust to the opposite party to use it against him, or because it is within some privilege to suppress the truth. We should be the first to agree that, if it ap-

---

[9] *See* F. Miller, *Prosecution: The Decision to Charge a Suspect with a Crime,* p 47 (Report of the American Bar Foundation's Survey of the Administration of Criminal Justice in the United States, 1969), interpreting the requirements of *Aguilar, supra; Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963), *inter alia.*

[10] *State ex rel Wojtycski v Hanley,* 248 Wis 108; 20 NW2d 719 (1945); *see also Hancock v Hallmann,* 229 Wis 127; 281 NW 703 (1938).

peared that no evidence had been offered that rationally established the facts, the indictment ought to be quashed." *United States v Costello,* 221 F2d 668, 677 (CA 2, 1955).[11]

To adopt defendant's theory would be to strain an already taxed system to the limit. We decline to hold that *People v Hill* requires a magistrate to determine probable cause from only legally admissible evidence.

Further, the remedy for *Hill* violations is not to render all subsequent proceedings nugatory. At the subsequent preliminary examination, the magistrate considered only legally admissible evidence in determining the existence of probable cause. Defendant cannot claim he is in custody without a probable cause determination. The findings of probable cause at the preliminary examination and guilt beyond a reasonable doubt at the trial vitiate defendant's objections. *Commonwealth v Krall,* 452 Pa 215; 304 A2d 488 (1973); *Albrecht v United States,* 273 US 1; 47 S Ct 250; 71 L Ed 505 (1927); *United States v Hughes,* 311 F2d 845 (CA 3, 1962). An illegal arrest does not entitle a defendant to avoid prosecution for the charges for which he was arrested. *Frisbie v Collins,* 342 US 519; 72 S Ct 509; 96 L Ed 541, *reh den* 343 US 937; 72 S Ct 768; 96 L Ed 1344 (1952).

Finally, defendant claims that the people were obligated to charge him with murder in the perpetration of a felony, not with separate counts of breaking and entering and second-degree murder. The original second-degree murder verdict legally precluded the people from charging felony murder on retrial, since a finding of guilt of the lesser charge was an implied acquittal of all higher offenses. *Green v United States,* 355 US 184; 78 S

---

[11] Cited by Miller, *supra,* 98, fn 48.

Ct 221; 2 L Ed 2d 199 (1957). *People v Bufkin (On Rehearing),* 48 Mich App 290; 210 NW2d 390 (1973), does not interfere with the prosecutorial charging decision. It holds that if a jury-submissible case of felony murder is made out, the verdict must be guilty or not guilty; no lesser included offenses may be charged. While these circumstances occurred at the first trial without objection, they do not recur on retrial. *Bufkin* states at 294; 210 NW2d at 392:

"The choice of whether to charge felony murder alone is the prosecuting attorney's. When the choice is made, and if a jury-submissible case is made out, the verdict must be guilty of murder in the first degree or not guilty."

We find defendant's remaining allegations of error insubstantial.

Affirmed.

All concurred.