## PEOPLE *v.* MONTGOMERY

1. WITNESSES—CREDIBILITY—ALIBI—JURY.
   Credibility of alibi witnesses is a jury question.

2. APPEAL AND ERROR—FUNDAMENTAL INJUSTICE.
   The Court of Appeals will consider a question raised for the first time on appeal only to prevent fundamental injustice.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 9, 1970, at Detroit. (Docket No. 8,089.) Decided February 24, 1970. Leave to appeal denied October 21, 1970. 384 Mich 769.

Harold Prince Montgomery was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. April 8, 1969, a jury found defendant guilty of armed robbery, MCLA § 750.529 (Stat

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 862.
[2] 5 Am Jur 2d, Appeal and Error § 553 *et seq.*

Ann 1969 Cum Supp § 28.797); he was sentenced and he appeals.

Defendant raises two issues for determination on appeal. He first questions the sufficiency of the evidence to justify the guilty verdict. He then contends it was reversible error for the trial court to admit testimony concerning lineup identification without first ascertaining that defendant was represented by counsel at the lineup.

In support of his defense of alibi, defendant produced two witnesses who testified that defendant was with them at the time of the robbery. Their testimony was neither contradicted by rebuttal testimony nor did cross-examination establish defects in such testimony. On this record, defendant argues that the prosecution has failed to negate every reasonable theory consistent with defendant's innocence, citing in support *People* v. *Johnson* (1966), 4 Mich App 205. Thus, the evidence was insufficient to justify the guilty verdict.

The argument is valid, if the jury believed the alibi witnesses. The verdict establishes the fact that the jury did not believe the alibi witnesses, and credibility is a jury question. *People* v. *Bradford* (1968), 10 Mich App 696. The record contains ample evidence, if believed by the jury, to establish guilt beyond a reasonable doubt.

There was no objection to the admission of the lineup identification testimony. It is only to prevent fundamental injustice that this Court will consider a question raised for the first time on appeal. *People* v. *Paul F. Baker* (1967), 7 Mich App 471. No fundamental injustice appears on this record which indicates that had the question been raised below, the prosecution could have proved that defendant was represented by counsel at the lineup in question.

Affirmed.