PEOPLE v. HILL

1. WITNESSES—CROSS-EXAMINATION—DISCRETION.
   The extent of cross-examination into collateral subjects and areas is within the discretion of the trial court.

2. CRIMINAL LAW—APPEAL AND ERROR—ARGUMENT.
   Contention that a prosecutor made a prejudicial comment in his closing argument was not properly raised for the first time on appeal where there was no objection to the prosecutor's comment at the trial level.

3. CRIMINAL LAW—INSTRUCTIONS—DEFENDANT'S FAILURE TO TESTIFY.
   The trial court, on its own motion, may give a favorable instruction with reference to defendant's right not to take the stand.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 July 28, 1970, at Detroit. (Docket No. 7,366.) Decided October 26, 1970.

James Joseph Hill was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Attorney, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*David Harris,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witness §§ 620, 621.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 53 Am Jur, Trial §§ 699, 701.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant was found guilty by a jury of robbery armed[1] and sentenced to a term of 5 to 15 years in prison. Four issues are raised by defendant in this appeal.

The defendant's first contention is that he was unduly restricted in the scope and degree of cross-examination of the complaining witness, and was thereby restricted in his attempt to discredit that witness. It is the well-established rule in this state that the scope and degree of cross-examination into collateral subjects and areas is within the sound discretion of the trial court. *People* v. *Harry Fleish* (1948), 321 Mich 443; *People* v. *Weems* (1969), 19 Mich App 553. In the instant case, the record clearly shows the trial court's willingness to allow the defendant a broad scope in his collateral attack upon the witness's credibility. The trial court did, however, find that at times the areas encompassed by the questions were too far removed from present considerations; and at those points, the trial court restricted the defendant's cross-examination. The record indicates that the trial court used sound discretion in limiting the scope of the cross-examination.

The second contention is that the in-court identification of the defendant by the victim was tainted by the use of a "mug shot" by the police during the investigation. No objection was made to the in-court identification and there is nothing in the record to indicate that the police improperly used the photographs. This assignment of error is without merit.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA § 750.529 (Stat Ann 1962 Rev § 28.797).

The third contention is that the prosecutor made a prejudicial comment in his closing argument. The record indicates that the comment was a proper inference drawn from the evidence before the jury. In any event, there was no objection to the prosecutor's comment at the trial level; therefore, the question is not properly raised for the first time on appeal. *People* v. *Montgomery* (1970), 22 Mich App 87.

The last contention is that the trial court erred by instructing the jury as to the failure of the defendant to take the stand. The instruction given by the trial court was favorable to the defendant. The trial court may on its own motion give a favorable instruction with reference to the defendant's right to not take the stand. *People* v. *Waters* (1969), 16 Mich App 33. The instruction given by the trial court was proper; therefore, the denial of a motion for mistrial, based upon that instruction, was proper.

Affirmed.