### PEOPLE *v.* JAMES THOMAS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S FAILURE TO TESTIFY—COMMENT.
   Trial judge's *sua sponte* instructions to the jurors that they should draw no inferences from the defendant's failure to take the stand in his own behalf *held* not reversible error.

2. CRIMINAL LAW—LESSOR INCLUDED OFFENSE—INSTRUCTIONS TO JURY—FAILURE TO REQUEST.
   Court's failure to instruct the jury on a lesser included offense is not reversible error where the instruction is not requested by the defense (MCLA § 768.29; GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, John A. Ricca, J. Submitted Division 1 July 28, 1970, at Detroit. (Docket No. 8,489.) Decided October 30, 1970.

James L. Thomas was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 699, 700.
   Propriety under Griffin v California and prejudicial effect of un-requested instruction that no references against accused should be drawn from his failure to testify. 18 ALR3d 1335.
[2] 53 Am Jur, Trial § 797.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*James C. Worth,* for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J.    Defendant was tried in December 1966 by jury for the crime of unlawfully driving away a motor vehicle, MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).   The trial, presided over by Judge John A. Ricca of Detroit Recorder's Court, resulted in conviction.   On December 27, 1966, defendant was sentenced to one to five years in state prison.

On appeal, appellant alleges that two reversible errors were made by the trial court.   The first alleged error concerns the charge to the jury in which the trial judge *sua sponte* instructed the jurors that they should draw no inferences from the defendant's failure to take the stand on his own behalf.   Appellant contends that this instruction draws the juror's attention to his silence and harmfully reminds them that he could have taken the stand.   In *People* v. *Waters* (1969), 16 Mich App 33, this court decided the identical issue faced in the instant case.   At page 36 we find the following:

"Both defendants allege error in the trial court's charge regarding their failure to take the stand in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

their own defense. Even though the charge given was the standard one to the effect that no consideration could be given to their decision not to take the stand, defendants contend that in the absence of a request by them, the trial judge should not have given any charge on the subject. They claim that the charge given on the court's own motion, although worded favorably to defendants, would necessarily prejudice the jury simply by calling their attention to defendants' failure to take the stand. They further contend that *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106), requires silence from court and prosecutor when the defendant remains silent. But it is clear that *Griffin* forbids only adverse comment and does not speak of the problem raised in this case. There is some split of authority among lower courts (see annotation 18 ALR3d 1337), but in 4 different circuits of the United States Court of Appeals it has been held that it is proper for a trial judge on his own motion to give a charge favorable to defendant. *Hanks* v. *United States* (CA 10, 1968), 388 F2d 171, 175; *Bellard* v. *United States* (CA 5, 1966), 356 F2d 437, 439; *Coleman* v. *United States* (CA 9, 1966), 367 F2d 388; *United States* v. *Kelly* (CA 2, 1965), 349 F2d 720, 769. And we note that trial counsel failed to object to the charge when given and specifically stated, in response to a query from the bench, that they were satisfied with the charges as given."

*Waters* controls the case at bar.

The second allegation of error is the trial court's failure to instruct the jury on the lesser included offense of "use of a motor vehicle without authority but without intent to steal". MCLA § 750.414 (Stat Ann 1954 Rev § 28.646). No request for such an instruction was made by the defendant.

It is well-settled that where no request is made by the defense, failure to instruct on a lesser offense

is not reversible error.  *People* v. *Ivy* (1968), 11
Mich App 427; *People* v. *Clouse* (1969), 18 Mich
App 582.  See, also, GCR 1963, 516.2, and MCLA
§ 768.29 (Stat Ann 1954 Rev § 28.1052).
Affirmed.
All concurred.