PEOPLE *v.* LORRAINE

1. CRIMINAL LAW—APPEAL AND ERROR—DELAY IN APPEAL.
    Delay in appellate review does not necessitate a new trial nor
    does it constitutionally require an appellate court to discharge
    a defendant from custody; the remedy for dilatory review is
    review itself.

2. CRIMINAL LAW—APPEAL AND ERROR—DELAY IN APPEAL—DELAY
    IN APPOINTING COUNSEL.
    A 26-month delay in appointing appellate counsel for a defend-
    ant did not deny the defendant his constitutional rights of
    speedy trial and due process of law; the long delay, while
    deplorable, does not necessitate a new trial.

Appeal from Muskegon, Albert J. Engel, J. Sub-
mitted Division 3, May 4, 1971. (Docket No. 10081.)
Decided May 26, 1971.

James Lorraine was convicted, on his plea of
guilty, of larceny in excess of $100. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul M. Ladas,* Pros-
ecuting Attorney, and *Gerald D. Warner,* Assistant
Prosecuting Attorney, for the people.

*R. Bunker Rogoski,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 322.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

Per Curiam. Defendant's plea of guilty to the charge of larceny of an amount in excess of $100[1] was accepted by the court below. Defendant, being indigent, applied for appointment of appellate counsel well within the 60-day appeal by right period required by GCR 1963, 803.1. Due to administrative error, however, appellate counsel was not appointed until some 26 months after the initial request for appointment of counsel had been filed. Defendant is before this Court by right of appeal.

The only issue raised by defendant is whether the 26-month delay in appointing appellate counsel denied him his constitutional rights of speedy trial and due process of law.

Delay in appellate review does not necessitate a new trial[2] nor does it constitutionally require us to discharge the defendant from custody.[3]

The remedy for dilatory review is review itself.[4] The defendant asserts no other error. While the long delay in appointment of appellate counsel is deplorable, this does not compel a reversal of the trial court.

Affirmed.

---

[1] MCLA § 750.356 (Stat Ann 1971 Cum Supp § 28.588).

[2] *People* v. *Gorka* (1969), 381 Mich 515.

[3] *Dowd* v. *United States, ex rel. Cook* (1951), 340 US 206 (71 S Ct 262, 95 L Ed 215). See, also, *Tindol* v. *Beto* (CA5, 1968), 392 F2d 582; *Grayson* v. *Montgomery* (CA1, 1970), 421 F2d 1306.

[4] *Dowd* v. *United States, supra,* fn 3.