PEOPLE *v*. ANDREWS.  Appeal from Marquette, Bernard H. Davidson, J.  Submitted Division 3 October 4, 1971, at Marquette. (Docket No. 11212.)  Decided October 29, 1971.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Edward A. Quinnell*, Prosecuting Attorney, for the people.

*Thomas P. Casselman*, for defendant on appeal.

Before:  FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM.  Defendant Ronald M. Andrews appeals his plea-based conviction of breaking and entering.*  Defendant moved for a new trial on the grounds that his guilty plea was involuntary in that it was induced by a promise of leniency by a detective.  The

---

* MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

court below conducted a hearing and found as a matter of fact that there was no promise of leniency based on conflicting testimony offered by the defendant and the detective.

Credibility of witnesses is for the trier of facts. *People* v. *Clark* (1954), 340 Mich 411; *People* v. *Louzon* (1953), 338 Mich 146; *People* v. *Montgomery* (1970), 22 Mich App 87; *People* v. *Beck* (1969), 17 Mich App 659; *People* v. *Landrum* (1968), 14 Mich App 237; *People* v. *Foster* (1968), 12 Mich App 418; *People* v. *Askar* (1967), 8 Mich App 95. The issue of credibility can best be determined by the trier of facts who hears and sees the witnesses. *People* v. *Ritzema* (1966), 3 Mich App 637. This Court will not reverse the judgment of the trier of facts unless the evidence clearly preponderates in a direction opposite to the finding by the trial judge. *People* v. *Doris White* (1965), 2 Mich App 104.

In the instant case, the issue of credibility of conflicting and contradictory witnesses was for the trial court at the hearing on the motion for a new trial and a finding was made that there was no promise of leniency by the detective.

The evidence does not preponderate in favor of the defendant. On the contrary, when the transcript of the arraignment and sentencing are read where defendant' maintained that his guilty plea was not induced by a promise of leniency in conjunction with the testimony of the detective, there is ample basis for the finding by the trial court. This Court, therefore, holds that there was no abuse of discretion by the trial court in not allowing defendant to withdraw his guilty plea after sentencing. *People* v. *Lang* (1968), 381 Mich 393, 398.

Affirmed.