PEOPLE v. TURNER HENRY

1. Criminal Law—Instructions to Jury—Defendant's Failure to Testify.
    Instructing the jury that defendant's *failure* to testify is not a circumstance against him and that no presumption of guilt can be indulged in by the jury because of defendant's *failure* to testify did not, by its negative phrasing, necessarily prejudice the jury against him where the rest of the instruction clearly stated that defendant had a right to testify if he desired and that no presumption adverse to him was to arise if he did not testify.

2. Criminal Law—Instructions to Jury—Defendant's Failure to Testify.
    An instruction to the jury on the defendant's right to testify or not in a criminal case might better use a word denoting his free choice, rather than speaking of his "failure" to testify.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 November 3, 1971, at Detroit. (Docket No. 10835.) Decided November 23, 1971. Leave to appeal denied, 387 Mich 798.

Turner Henry was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

Reference for Points in Headnotes
[1, 2] 29 Am Jur 2d, Evidence § 189.

Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and O'HARA,* JJ.

O'HARA, J. This is an appeal from a jury convic-
tion of the offense of unarmed robbery, MCLA
§ 759.530 (Stat Ann 1954 Rev § 28.798). The ap-
peal was taken of right.

As his sole assignment of error, defendant takes
exception to the charge that:

"The defendant in this case had a right to go up
on the stand and testify in his own behalf if he chose
to do so. The law, however, expressly provides that
no presumption adverse to him is to arise from that
if he does not place himself upon the witness stand.
So, in this case the mere fact that Turner Henry has
not availed himself of the privilege that the law gives
him should not be permitted by you to prejudice him
in any way. It should not be considered evidence
either. *The failure of the defendant to testify is not
even a circumstance against him and no presumption
of guilt can be indulged in by the jury on account of
such failure on his part.*" (Emphasis supplied.)

In particular, defendant claims that the negative
phrasing of the charge would necessarily prejudice
the jury against him. This, he argues, is proscribed
by *Griffin* v. *California* (1965), 380 US 609 (85 S Ct
1229; 14 L Ed 2d, 106).

The learned trial judge's use of the word "failure"
to take the stand may be unfortunate, but when read

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968,

in conjunction with the balance of the charge cannot be characterized as implicitly adverse.

Even though this instruction was judicially approved in *People* v. *Provost* (1906), 144 Mich 17, 18, and has found its way into the widely used and highly respected Gillespie,[1] we think that a word denoting free choice, such as, but not limited to "election" or "choice" might better be substituted for "failure" in future instructions.

There was no reversible error.

Affirmed.

All concurred.

---

[1] 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 906, Form No 403, pp 1282, 1283.