PEOPLE v LATEUR

PEOPLE v HOBART

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

Probable cause existed for arrests, without warrants, where, prior to the defendants' arrests for robbery, the police knew that the car driven by one of the defendants was often seen in the same vicinity as the car driven by the other defendant, the police were informed that one of the cars was stolen and that the other car had fraudulent registration, the police had descriptions of the holdup men, which resembled the defendants, and of the holdup men's vehicle, which matched one of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 32, 48.
[2] 29 Am Jur 2d, Evidence § 288 et seq.
[3] 58 Am Jur, Witnesses § 173.
[4] 5 Am Jur 2d, Appeal and Error § 639.
[5] 53 Am Jur, Trial § 796 et seq.
[6] 46 Am Jur, Robbery § 6.
[7] 50 Am Jur 2d, Larceny § 2.
[8] 46 Am Jur, Robbery § 58.
[9] 46 Am Jur, Robbery § 53.
[10] 21 Am Jur 2d, Criminal Law § 356.
Propriety under Griffin v. California and prejudicial effect of unrequested instruction that no inferences against accused should be drawn from his failure to testify. 18 ALR3d 1335.
[11] 4 Am Jur 2d, Appeal and Error § 159.

the cars, and the police observed items being taken from the car that matched the description of the car used in the holdup and placed in the trunk of the other car immediately prior to the arrests.

2. EVIDENCE—WEAPONS OR TOOLS—PROBATIVE VALUE—CRIMINAL LAW.

Admitting evidence consisting of a pair of handcuffs, a revolver, and an attaché case, seized at the time of defendants' arrest, was not reversible error where the sole eyewitness to the robbery charged was handcuffed to a laundry tub, a pistol was used by at least one of the robbers, although the revolver admitted was not identified as being involved in the crime, and the attaché case was mentioned only because it contained the handcuffs, because the possession of articles necessary to commit the crime charged have probative value.

3. CRIMINAL LAW—DEFENDANT'S RIGHT TO TESTIFY—COURT'S DUTY.

A trial judge does not have to inform a criminal defendant who is standing trial that he has a right to take the stand and testify in his own behalf.

4. CRIMINAL LAW—APPEAL AND ERROR—DELAY IN APPEAL.

A delay of six to eight months in criminal defendants' appeals, caused by the court reporter's failure to supply a complete transcript of the trial proceedings, did not necessitate a new trial where eventually appellate counsel were provided with full transcripts, because the remedy for dilatory review is review itself.

5. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

The right to instructions in lesser included offenses depends upon the evidence; a total lack of evidence to support the theory of a lesser included offense justifies a court's refusal to so instruct.

6. ROBBERY—ARMED ROBBERY—LARCENCY.

Larceny is one of the essential elements of an armed robbery charge.

7. LARCENY—DEFINITION.

Larceny is stealing property that belongs to another.

8. ROBBERY—LARCENY—INSTRUCTIONS TO JURY.

Trial court's instructing the jury that an armed robbery conviction must be predicated upon a finding, among other things, that the accused stole property belonging to another sufficiently

informed the jury as to the element of larceny (MCLA 750.356).

9. ROBBERY—ARMED ROBBERY—DEFENDANT NOT ARMED—AIDING AND ABETTING.

Multiple defendants can be found guilty of armed robbery even though only one defendant was seen holding a dangerous weapon during the robbery, because whoever aids, procures, counsels, or abets in an act constituting a criminal offense is guilty as a principal.

10. CRIMINAL LAW—DEFENDANT'S FAILURE TO TESTIFY—INSTRUCTIONS TO JURY.

Trial court's *sua sponte* instructing the jury that they were not to consider defendant's not taking the stand was not error where no objection was made.

11. CRIMINAL LAW—INSTRUCTIONS TO JURY—OPPORTUNITY TO OBJECT —APPEAL AND ERROR.

Failure to give criminal defendants an opportunity to object to the jury instructions was not reversible error where the appellate court reviewed all of defendants' questions on the instructions.

Appeals from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 March 13, 1972, at Detroit. (Docket Nos. 9576, 9727.) Decided April 24, 1972. Leave to appeal applied for.

Arthur H. LaTeur and Eugene R. Hobart were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick L. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant LaTeur on appeal.

*Robert S. Wisok (George Stone,* of counsel), for
defendant Hobart on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and
QUINN, JJ.

R. B. BURNS, P. J. Defendants were convicted by a
jury of armed robbery.[1]

Approximately 12 hours after the robbery had
taken place the defendants were arrested and their
vehicles searched. A warrantless arrest and search
must be supported by "probable cause".[2] The exist-
ence of probable cause depends upon the facts and
"peculiar circumstances confronting the arresting
officer". *People* v *Harper,* 365 Mich 494, 501 (1962).
See also *People* v *Surles,* 29 Mich App 132, 135
(1970). The peculiar circumstances confronting the
arresting officers in this case are, the defendants
allege, insufficient to establish probable cause.

We have reviewed the testimony and find the cir-
cumstances confronting the arresting officers prior
to the arrests were more than adequate to support
probable cause to arrest. Prior to defendants' ar-
rests, the police knew that the Cadillac driven by
defendant LaTeur was often seen in the same vicin-
ity as the Chevrolet driven by defendant Hobart.
The police were informed that the Chevrolet was
stolen and that the Cadillac's registration was
fraudulent. The police had the descriptions of the
holdup men and their vehicle. The defendants re-
sembled the descriptions given of the holdup men
and the vehicle description matched the Chevrolet
driven by Hobart. In addition the police observed

---

[1] MCLA 750.529; MSA 28.797.
[2] A police officer must have reasonable cause to believe the
arrestee has committed a felony. MCLA 764.15; MSA 28.874.
*People* v *Sansoni,* 10 Mich App 558 (1968); *People* v *Wolfe,* 5
Mich App 543 (1967).

items being taken from the Chevrolet and placed in the Cadillac's trunk immediately prior to the arrests. A man of "reasonable prudence and caution" would determine that the arrestees had committed a felony. *People* v *Harper, supra,* p 501.

The subsequent search of defendants and the automobiles in their immediate possession was also proper. *Chambers* v *Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970); *People* v *Wenrich,* 31 Mich App 644 (1971); *People* v *Miller,* 26 Mich App 665 (1970).

During the course of trial, a revolver, a pair of handcuffs, and an attaché case were introduced into evidence. All three items had been seized from the defendants' possession at the time of their arrests. Prosecutorial disclosure of these items, defendants claim, was prejudicial and, given their irrelevancy, reversible error. We cannot agree with this assertion. The sole eyewitness to the robbery was handcuffed to a laundry tub in the basement of the home and although the revolver was not identified as being involved in the crime, a pistol was used by at least one of the defendants. The possession of articles necessary to commit the crime has probative value and the articles are admissible when sufficiently connected with the accused. *People* v *Gregory,* 130 Mich 522 (1902); *People* v *Mason,* 29 Mich App 613 (1971); *People* v *Kerridge,* 20 Mich App 184 (1969). See also *Banning* v *United States,* 130 F2d 330 (CA 6, 1942), *cert den* 317 US 695; 63 S Ct 434; 87 L Ed 556 (1943), and *United States* v *Ramey,* 414 F2d 792 (CA 5, 1969). The attaché case was mentioned only because it contained the handcuffs. We do not consider its introduction prejudicial.

Defendants' arguments on lack of counsel at the pretrial lineup assume a fact clearly contradicted

by the record on appeal. Defendants were represented by counsel at the lineup.

Defendants cite no authority for their proposition that a judge must inform a criminal defendant who is standing trial that he has a right to take the stand and testify in his own behalf. Indeed, there is none, and we see no compelling reason to provide any. The defendants were well represented by their attorneys at trial level. The decision to testify or not should be made by the defendant and his counsel, and counsel, we must presume, is well aware of his defendant's right to testify.

Were defendants denied their constitutional rights to a speedy and proper appeal? A six-to-eight month delay in the appeals of defendants' cases resulted when the court reporter failed to supply a complete transcript of the trial proceedings. Eventually defendants' appellate counsel were provided with the full transcript.

The "procedural detour" encountered by defendants does not necessitate a new trial. *People* v *Gorka,* 381 Mich 515, 520 (1969). We are not constitutionally compelled to free defendants from custody.[3] As was stated in *People* v *Lorraine,* 34 Mich App 121, 122 (1971), "The remedy for dilatory review is review itself".

Defendants raise the following five questions in connection with the jury instructions:

(1) Did the trial court err in failing to instruct the jury on the lesser included offenses of larceny and various types of assault?

(2) Did the trial court err in failing to define "larceny", an essential element of armed robbery?

---

[3] *Dowd* v *United States, ex rel Cook,* 340 US 206; 71 S Ct 262; 95 L Ed 215 (1951); *Grayson* v *Montgomery,* 421 F2d 1306 (CA 1, 1970).

(3) Did the trial court err in giving an instruction on aiding and abetting?

(4) Was it error for the trial court *sua sponte* to instruct the jury on the failure of defendants to take the stand?

(5) Did the trial court err when it failed to provide defendants an opportunity to object to the jury instructions?

We resolve these issues in the same order they appeared.

1. The right to instructions on lesser included offenses depends upon the evidence. *People* v *Jessie Williams,* 14 Mich App 186 (1968). A total lack of evidence to support the theory of a lesser included offense justifies a court's refusal to so instruct. *People* v *Reaves,* 21 Mich App 153 (1970); *People* v *Martin #1,* 21 Mich App 207 (1970). In this case undisputed testimony established that the robbers who took the goods were armed with a dangerous weapon, thus the sole question was whether defendants were the armed robbers. See *People* v *Kolodzieski,* 237 Mich 654 (1927).

2. Larceny is one of the essential elements of an armed robbery charge.[4] *People* v *Needham,* 8 Mich App 679 (1967). The statutory offense of larceny[5] is defined as stealing property belonging to another. *People* v *Anderson,* 7 Mich App 513 (1967); *People* v *Calvin,* 60 Mich 113 (1886). The court instructed the jury that an armed robbery conviction must be predicated upon a finding, among other things, that the accused stole property belonging to another. The instructions sufficiently informed the jury as to the element of larceny.

---

[4] Larceny, it has been said, is the least important element of armed robbery. *People* v *Dumas,* 161 Mich 45 (1910).

[5] MCLA 750.356; MSA 28.588.

3. Unlike defendants' cited case of *People* v *Ware,* 12 Mich App 512, 516 (1968), there was "substantive proof to justify" the additional theory of aiding and abetting. By statute every person who "procures, counsels, aids, or abets" in an act constituting a criminal offense is guilty as a principal.[6] Thus, even though only one of the defendants was seen holding a dangerous weapon, both defendants could be found guilty of "armed" robbery under this statute. In *People* v *Dawson,* 32 Mich App 336 (1971), evidence indicated two men were acting together in committing the crime. In *Dawson,* as in this case, the aiding and abetting instructions were proper.

4. The trial court instructed:

"Now, in this case the defendants have not taken the stand. Under our law the defendants may take the stand or elect not to do so. When they do not take the stand in their own behalf, counsel has no right to comment on it, nor has the court any right to comment about it, and you have no right to take that into consideration in any manner in arriving at your verdict. It is their right to take the stand, or they may elect not to do so, as they shall choose and you are not in any sense to construe that against them."

The instruction was unobjected-to and not prejudicial. It has been previously held by this Court that such an instruction is not error. *People* v *James Thomas,* 27 Mich App 637 (1970); *People* v *Hill,* 27 Mich App 322 (1970); *People* v *Carter,* 28 Mich App 83 (1970); *People* v *Abernathy,* 29 Mich App 558 (1971); *People* v *Labadie,* 30 Mich App 393 (1971). We should also note that the preferred words of "election" and "choice" instead of "failure"

---

[6] MCLA 767.39; MSA 28.979.

to take the stand were utilized by the trial court. See *People* v *Henry*, 37 Mich App 160 (1971).

5. The record on appeal does not disclose whether or not the trial judge gave, as GCR 1963, 516 requires, the defendants an opportunity to make objections to the instructions. However, failure to provide such an opportunity doesn't preclude defendants from objecting to the instructions as given. No objections were made. In any event, we have reviewed and ruled upon all of defendants' questions pertaining to the instructions; thus no harm has resulted from the procedural error.

Our review of the records and briefs in this case convinces us that the jury's verdict was not against the weight of the evidence. The defendants were identified as the armed felons by the eyewitness and several articles later identified as being part of the loot taken in the holdup were found in the defendants' possession at the time of their arrests.

Defendants other allegations of error are without merit.

Affirmed.

All concurred.