PEOPLE v McNAMEE

1. INDICTMENT AND INFORMATION—AMENDED INFORMATION—DIFFERENT OFFENSE—MURDER—FELONY MURDER.

An amendment to an information charging a defendant with first-degree murder which added the words "in the perpetration of a robbery" did not effectuate a change in the charge where the original information cited the first-degree murder statute which includes felony murder and defendant was aware of the crime with which he was charged.

2. CRIMINAL LAW—EVIDENCE—ADMISSIONS—CORPUS DELICTI—CIRCUMSTANTIAL EVIDENCE—REASONABLE INFERENCES.

The prosecution may properly introduce a defendant's admissions at trial after it has established the corpus delicti of the charged offense, which may be shown by circumstantial evidence and the reasonable inferences to be drawn therefrom.

3. HOMICIDE—FELONY MURDER—EVIDENCE—REASONABLE INFERENCES —CORPUS DELICTI.

It is reasonable to infer from testimony that where a safe and cash register in which receipts and money were normally kept were found empty at the scene of a homicide that property was

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 183.
Power of court to make or permit amendment of indictment. 17 ALR3d 1181.
[2] 40 Am Jur 2d, Homicide § 611 et seq.
[3] 40 Am Jur 2d, Homicide §§ 432, 433.
[4] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 156, 157.
Necessity of alleging specific facts or means in indictment or information charging one as accessory before or after the fact. 116 ALR 1104.
[5] 40 Am Jur 2d, Homicide § 269.
[6] 21 Am Jur 2d, Criminal Law § 321.
Right of defendant in criminal case to discharge of, or substitution of other counsel for, attorney appointed by court to represent him. 157 ALR 1225.
[7] 47 Am Jur 2d, Jury §§ 267, 269.
[8] 16 Am Jur 2d, Constitutional Law §§ 576, 584.

taken by force from the presence of the victim, thereby establishing the corpus delicti of felony murder.

4. WITNESSES—CRIMINAL LAW—ACCOMPLICE AS WITNESS—RES GESTAE WITNESSES—INDORSEMENT—INFORMATION.

A coparticipant in a crime is an accomplice and, as such, is not a res gestae witness required to be indorsed on the information.

5. HOMICIDE—FELONY MURDER—MALICE—COLLATERAL ACTS—IMPLICATION—INSTRUCTIONS TO JURY.

Malice may be implied where a killing results from an unlawful collateral act or an attempt to commit a criminal offense, and a court may so instruct a jury.

6. CRIMINAL LAW—RIGHT TO EFFECTIVE COUNSEL—SELF-REPRESENTATION—BINDING DECISION—RECORD—REQUEST FOR COUNSEL—COURTS.

A court was bound by a defendant's decision to act as his own attorney and his contention that he was prejudiced because appointed counsel allowed a long delay in processing defendant's motion for new trial is without merit where there was nothing on the record to indicate that the defendant attempted to bring to the court's attention the facts of such a delay and there was no record of defendant's requesting counsel after informing the court of his decision to proceed *in propria persona*.

7. JURY—MISCONDUCT—NEW TRIAL—PREJUDICE.

Claimed juror misconduct will not justify the granting of a new trial absent a showing of prejudice.

8. APPEAL AND ERROR—CONSTITUTIONAL LAW—DUE PROCESS—DELAY IN APPEAL—PREJUDICE.

Delay in appellate review does not automatically entitle a criminal defendant to a new trial; due process is not violated by delay itself, but only where the defendant is prejudiced by the delay.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted January 7, 1976, at Grand Rapids. (Docket No. 21217.) Decided February 9, 1976. Leave to appeal applied for.

Patrick McNamee was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Rae,* Prosecuting Attorney, for the people.

Patrick McNamee, *in propria persona.*

Before: D. E. HOLBROOK, P. J., and R. M. MAHER and D. F. WALSH, JJ.

D. E. HOLBROOK, P. J. Defendant herein was charged with first-degree murder of Harold Simonds during an armed robbery of the Swonk Greenhouse on October 14, 1966, contrary to MCLA 750.316; MSA 28.548.

Defendant was convicted of said offense in a jury trial conducted in the Calhoun County Circuit Court on May 14–21, 1968. On June 25, 1968, the trial judge sentenced the defendant to life imprisonment.

On August 23, 1968, defendant filed a motion for a new trial, and on September 18, 1973, he filed a motion to amend the original motion for a new trial, which was granted by the trial court on October 3, 1973. A hearing was held on the motion October 23, 1973, and an order denying the same was filed on July 11, 1974. Defendant appeals as of right.

Briefly stated the facts produced at trial showed that on October 14, 1966, one Harold Simonds was brutally beaten and killed at Swonk's Greenhouse. There was evidence produced at trial to the effect that money was missing from the place of business. Defendant was principally connected to the crime through fingerprint identification and his admission to others. There was testimony to the effect that defendant had admitted to another that he and another person had taken the money.

The defendant presented only three witnesses

and these witnesses testified as to defendant's good reputation in the community. Other pertinent facts will be supplied in our discussion of the issues raised by defendant. Those issues are as follows:

## I.

*Whether the trial court committed reversible error in permitting an amendment to the information to include the words "in the perpetration of a robbery".*

The amendment was allowed at the first day of trial before any evidence was presented. The original information properly charged defendant with first-degree murder, and cited the proper statute, MCLA 750.316; MSA 28.548. The amended information only added the words "in the perpetration of a robbery" and cited the same statute.

In an identical factual situation our Court in the case of *People v William Turner,* 26 Mich App 632, 637–638; 182 NW2d 781, 783–784 (1970), ruled that the amendment was properly allowed and there was no prejudice resulting to the defendant. We rule likewise and find no error.

## II.

*Whether the defendant's extrajudicial statements were used to prove the corpus delicti of the felony murder.*

Defendant claims that a robbery or attempted robbery was not established prior to the introduction of defendant's statement. It is true as defendant asserts that the people must establish the corpus delicti prior to defendant's admissions at trial. *People v Allen,* 390 Mich 383; 212 NW2d 21; (1973). However, the corpus delicti can be shown

by individual circumstantial evidence and the reasonable inferences to be drawn therefrom. *People v Allen,* 39 Mich App 483, 494, 496; 197 NW2d 874, 880, 881 (1972), *People v Mumford,* 60 Mich App 279, 283; 230 NW2d 395, 397 (1975).

One of the elements of robbery which must be established is the taking of money or property from a person or in his presence. MCLA 750.530; MSA 28.798. *People v Tolliver,* 46 Mich App 34, 37; 207 NW2d 458, 460 (1973). In the instant case, there was testimony that both the safe and the cash register were empty after the beating of the victim. There was also testimony that there were papers from the safe on the floor and elsewhere. Finally, there was testimony that money was normally kept in the safe and that the daily receipts were kept in the cash register.

A reasonable inference to be drawn from the facts presented is that property and money were taken by force from the presence of the victim who had been viciously beaten and had died as a result. We rule that the corpus delicti had been proven prior to the admission of defendant's statements and therefore no error is present as to this issue.

### III.

*Whether the trial court properly refused to require the indorsement on the information of an alleged coparticipant.*

The coparticipant was an accomplice and, as such, was not a res gestae witness for purposes of indorsement. *People v Phillips,* 61 Mich App 138, 149; 232 NW2d 333, 339 (1975), *People v Threlkeld,* 47 Mich App 691, 696; 209 NW2d 852, 855 (1973). The trial court properly refused to require

the indorsement of the name of the accomplice on the information.

## IV.

*Whether the trial court improperly instructed the jury as to the element of malice.*

The trial court instructed the jury that it could imply malice from the nature of defendant's acts. Defendant claims this is error.

Malice may be implied under the facts in this case involving a felony murder. In *People v Carter,* 387 Mich 397, 416, 418; 197 NW2d 57, 66, 67 (1972), it is stated in part:

> " 'Now, malice aforethought is either express or implied, and there can be no case of murder in the first degree, except when committed in the perpetration, or attempt to perpetrate, arson, rape, robbery, burglary, or robbery, when there does not exist *express* malice; while, in case of murder in the second degree, the malice is generally, if not universally, *implied.* '
>
> * * *
>
> "If the killing results from an unlawful collateral act or an attempt to commit a criminal offense, malice may be implied." *(Emphasis in original.)*

We conclude from a reading of the entire charge to the jury that the court's instructions as to malice, and the fact that it may be implied in this case of felony murder, were proper and, therefore, no error occurred.

## V.

*Whether defendant was denied his right to counsel at the hearing on defendant's motion for a new trial.*

Defendant's appointed counsel filed a motion for a new trial but failed to process it for unknown reasons. After 37 months, defendant dismissed him and retained his own counsel to proceed with the motion. After quite a time of nonaction, defendant dismissed his retained counsel and notified the court that he wished to proceed as his own attorney and that his decision was final. The court then heard the motion with defendant representing himself. The said motion was denied by the trial court in an order duly filed. There is nothing in the record, prior to defendant's decision to proceed *in propria persona,* to indicate that defendant attempted to bring to the court's attention the long delay in getting the motion for a new trial processed. There is also no record of defendant's requesting counsel after informing the court of his decision to proceed *in propria persona.*

Although the delay in processing the motion for a new trial was unduly long, we rule that defendant was not without fault, and that the court was bound by defendant's decision to act as his own attorney. Therefore, no reversible error is present.

## VI.

*Whether defendant was denied a fair trial because of an alleged conversation between a witness for the people and some jurors.*

The defendant contends that during a recess in the trial a conversation took place between two jurors and a witness for the people. After a hearing on the motion for a new trial, including the questioning of the witness, the court determined that no conversation took place and that the defendant's contention had been based on the fact that the jurors and the witness had been in close

proximity to one another at one time. The defendant has failed to show any prejudice in this regard. Absent a showing of prejudice, claimed juror misconduct will not justify the granting of a new trial. *People v Pizzino,* 313 Mich 97, 107–108; 20 NW2d 824, 828 (1945), *People v Schram,* 378 Mich 145, 159–160; 142 NW2d 662, 668 (1966). We find no error as to this issue.

## VII.

*Whether defendant was denied due process and the equal protection of the law because of a five-year delay in securing appellate review.*

Defendant claims that the trial court should have seen to it that defendant's counsel processed his motion for a new trial with greater speed.

The trial court found that the defendant delayed the process through his dissatisfaction with and substitution of attorneys.

It is noted that delay in appellate review does not automatically entitle defendant to a new trial. *People v Gorka,* 381 Mich 515, 520; 164 NW2d 30, 32 (1969), *People v LaTeur,* 39 Mich App 700, 705; 198 NW2d 727, 730 (1972). The remedy for dilatory review is review itself. *People v Lorraine,* 34 Mich App 121, 122; 190 NW2d 746, 747 (1971). The important question is whether a defendant is prejudiced by the delay, not whether there was, in fact, a delay. Due process is only violated in the former instance. *People v Hernandez,* 15 Mich App 141, 144, 147; 170 NW2d 851, 853, 854 (1968).

Defendant has made no showing of prejudice and, therefore, his position on this issue is untenable.

Affirmed.